Opinion filed October 8, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed October 8,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00078-CV

                                                    __________

 

                                    WILLIAM GILMORE, Appellant

 

                                                             V.

 

                                 TED
COLLINS, JR. ET AL, Appellees

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                Trial
Court Cause No. CV-45,330

 



 

                                              M
E M O R A N D U M   O P I N I O N                      

 

William
Gilmore appeals from the trial court=s
denial of a petition for bill of review.  In the petition, Gilmore sought to
have a 2004 order of dismissal for want of prosecution set aside so that he
could prosecute his counterclaim against appellees.  We affirm. 








In
his sole issue on appeal, Gilmore contends that the trial court erred in
denying his amended petition for bill of review.[1] 
Gilmore sought the bill of review based upon the alleged lack of notice of the
following:  the court=s
intent to dismiss for want of prosecution, the dismissal hearing, and the order
of dismissal.  A bill of review is an equitable proceeding to set aside a prior
judgment that can no longer be challenged by a motion for new trial or appeal. 
Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004).  Traditionally, a
bill of review requires proof of three elements:  (1) a meritorious defense or
claim, (2) that was not asserted because of an official mistake or the fraud,
accident, or wrongful act of an opponent, and (3) unmixed with any fault or
negligence on the part of the movant.  Ross v. Nat=l Ctr. for the Employment
of the Disabled, 197 S.W.3d 795, 797 (Tex. 2006); Caldwell, 154
S.W.3d at 96. 

Before
a case may be dismissed for want of prosecution, the parties must be provided
with notice and an opportunity to be heard.  Villarreal v. San Antonio Truck
& Equip., 994 S.W.2d 628, 630 (Tex. 1999).  Gilmore argues that neither
he nor his attorney were provided with the proper notices.  At trial, Gilmore
had the burden of proof on his bill of review.  See Caldwell, 154 S.W.3d
at 96-97.  

The
record from the trial on the bill of review shows that Gilmore was represented
by Timothy J. Herman in 1996 when the underlying case was filed in state court
by Ted Collins Jr. and Herbert E. Ware Jr., individually and d/b/a Collins
& Ware, a partnership, against William Gilmore d/b/a Gilmore Oil &
Gas.  Herman filed a counterclaim on Gilmore=s
behalf B the dismissal
of which is at issue in this bill of review.  Herman=s address changed in June 1997, and he
notified the court clerk and opposing counsel of his new address at that time
(though opposing counsel later informed the trial court that he had no address
for Herman).








The
assistant chief deputy clerk testified that it was standard practice to update
an address in the computer upon receiving a notice of change of address and
that, subsequent to Herman=s
notice of change of address, the clerk=s
office mailed all notices to Herman at his new address  including the order for
status report, the notice of intent to dismiss for want of prosecution, and the
order of dismissal.  The record shows that, based upon responses filed by
Herman, Herman had received other notices that were sent by the clerk=s office to him at his new
address.  None of the mail sent to Herman was returned as undeliverable. 
Herman remained the attorney of record until September 2005.

In
the interim, Gilmore=s
bankruptcy attorney notified the trial court on September 30, 1997, that
Gilmore had filed for bankruptcy.  Herman did not represent Gilmore in the bankruptcy
proceedings.  The cause of action that had been asserted in Gilmore=s counterclaim in state
court was filed by Gilmore as an adversary proceeding in the bankruptcy court. 
The underlying state case was stayed pending the bankruptcy action.  Because of
Gilmore=s failure to
comply with court orders, the bankruptcy court dismissed Gilmore=s adversary case against
Collins and Ware in February 2000, with prejudice only as to federal court
proceedings.  Gilmore was discharged from bankruptcy on June 21, 2000.

The
underlying case in state court remained inactive until September 2003 when the
trial court issued an order for a status report.  The trial court subsequently,
in February 2004, issued a notice of intent to dismiss for want of prosecution,
which included the date and time of the scheduled dismissal hearing.  The trial
court signed an order dismissing the case on March 8, 2004.  Although the
orders and the notice were mailed to Herman, Herman testified that he Ahad not seen@ them.  Herman stated that,
at some point in the past, his file had been Aretired@ and put into storage
because of the adversary case being filed in the bankruptcy court.

Gilmore
also denied seeing or receiving the dismissal documents until long after the
case had been dismissed.  Even though Gilmore understood that the result of the
bankruptcy court=s
February 2000 dismissal was that he could proceed in state court, he did not
take any action to prosecute the underlying state case until September 9, 2005,
when he filed a motion to substitute counsel.  Such conduct exhibits Gilmore=s fault or negligence in
failing to pursue his claim.  The evidence is sufficient to support the trial
court=s findings that
Gilmore=s attorney was
properly notified by the clerk=s
office of the trial court=s
intent to dismiss for want of prosecution and of the dismissal of the case and
that Gilmore was not without fault in failing to pursue his claim against
Collins and Ware.  We hold that the trial court did not err in denying Gilmore=s bill of review.  Gilmore=s sole issue on appeal is
overruled. 








The
judgment of the trial court is affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

October 8, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and
Strange, J.









[1]Appellees assert that Gilmore waived any alleged error
by not expressly attacking the sufficiency of the evidence in his issue.  We
cannot hold that Gilmore failed to preserve error.  See Perry v. Cohen,
272 S.W.3d 585 (Tex. 2008).  Gilmore=s
brief is sufficient to put this court on notice of his evidentiary contention;
Gilmore specifically argued that the evidence proved that neither he nor his
attorney received the proper notices.