02-10-146-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-10-00146-CV

 

 


 
 
 Andrew Jackson Zeigler
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Thelma Marjorie Zeigler
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 325th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. Introduction

 

          Appellant
Andrew Zeigler appeals the trial court’s adverse ruling on Appellee Thelma
Zeigler’s motion to dismiss Andrew’s petition for bill of review.[2] 
Andrew contends in two issues that the trial court erred (1) by not permitting
him to file a supplemental petition for bill of review that incorporated the
contentions contained in a supporting Amicus Curiae brief and (2) by granting
Thelma’s motion to dismiss the petition for bill of review.  Because we hold
that Andrew failed to exercise due diligence in pursuing available legal
remedies, we affirm.

II.
Factual and Procedural Background

          Andrew
and Thelma were divorced on August 8, 2008, when the trial court signed a final
decree of divorce.  Although Andrew had appeared in the case, he did not attend
the final hearing.  On September 4, 2008, Andrew filed a timely motion for new
trial which was tentatively granted at the hearing on October 13, 2008, when
the trial court stated:  “The motion for new trial is granted.  I will not sign
the order, however, until the $1,500 in attorney’s fees is paid to [Thelma’s
attorney] Ms. Schattman by Mr. Zeigler.”  The trial court also noted on its
docket that “upon tendering $1,500 to J. Schattman by A. Zeigler, a motion for
new trial is granted.”  That same day, the trial court signed a new scheduling
order that set the case for trial on June 4, 2009.  On February 2, 2009,
however, the trial court sent the parties a letter informing them that Andrew’s
motion for new trial had been overruled by operation of law because Andrew
failed to pay the court ordered attorney’s fees.

          On
September 10, 2009, Andrew filed a petition for bill of review, and Thelma
filed an answer and specially excepted to the petition on the ground that
Andrew had failed to allege any act on the part of court personnel or the
opposing party that prevented him from satisfying the court’s order.  Andrew
amended his petition on October 16, 2009, but he did not significantly alter
his factual allegations.  On March 5, 2010, Thelma filed a motion to dismiss
Andrew’s petition for bill of review, alleging that Andrew’s amended petition failed
to set forth grounds that would support relief by bill of review and noting
that she had previously specially excepted on the same grounds. 

          On
March 31, 2010, an Amicus Curiae brief was filed in support of Andrew’s
petition for bill of review, and Andrew filed a motion for leave to supplement
his petition for bill of review to incorporate the Amicus Curiae brief.  The
Amicus Curiae brief alleged that Andrew was entitled to relief based on
official mistake because the trial court had granted his motion for new trial by
signing the amended scheduling order.  The Amicus Curiae brief pointed to this
court’s opinion in In re Lovito-Nelson and stated that Andrew had
reasonably relied on the trial court’s statements at the hearing because the
law in this appellate district at the time of the motion for new trial hearing
provided that a trial court’s signature on an amended scheduling order was
sufficient to grant a motion for new trial.  See No. 02-08-00244-CV,
2008 WL 2404229 (Tex. App––Fort Worth June 12, 2008, orig. proceeding [mand.
denied]) (mem. op.).[3]

          The
trial court held a hearing on Andrew’s petition for bill of review and his
requested motion for leave of court to supplement his petition on April 1,
2010. On April 15, 2010, the trial court signed an order denying leave for
Andrew to supplement his petition for bill of review and granting Thelma’s
motion to dismiss.  This appeal followed.

III.
Applicable Law

A. Standard of Review

          We
generally review the denial of a bill of review under an abuse of discretion
standard.  See Temple v. Archambo, 161 S.W.3d 217, 224 (Tex. App.—Corpus
Christi 2005, no pet.); Manley v. Parsons, 112 S.W.3d 335, 338
(Tex. App.—Corpus Christi 2003, pet. denied); see also Moseley v.
Omega OB-GYN Assocs. of S. Arlington, No. 02-06-00291-CV, 2008 WL 2510638,
at *2–3 (Tex. App.—Fort Worth June 19, 2008, pet. denied) (mem. op.).  But “[w]hen
the inquiry on the bill of review concerns questions of law, such as whether an
appellant presented prima facie proof of a meritorious ground of appeal, we
review the trial court’s decision de novo.”  Cannon v. TJ Burdett & Sons
Recycling, No. 01-08-00380-CV, 2009 WL 276797, at *3 (Tex. App.—Houston [1st
Dist.] Feb. 5, 2009, no pet.) (mem. op.) (citing BMC Software Belg., N.V. v.
Marchand, 83 S.W.3d 789, 794 (Tex. 2002)).

B. Bill of Review

          A
bill of review is an equitable proceeding brought by a petitioner to set aside
a judgment that is no longer appealable or subject to challenge due to the
expiration of the trial court’s plenary power.  Caldwell v. Barnes, 154
S.W.3d 93, 96 (Tex. 2004); Baker v. Goldsmith, 582 S.W.2d 404,
406 (Tex. 1979).  A bill of review is a direct attack on the prior judgment, In
re John G. & Marie Stella Kenedy Memorial Foundation, 159 S.W.3d 133,
141 (Tex. App.—Corpus Christi 2004, orig. proceeding), and the petitioner’s
burden is heavy due to the importance of according finality to judgments; as
such, the grounds on which a petitioner may obtain relief by bill of review are
narrow and defined.  See King Ranch, Inc. v. Chapman, 118 S.W.3d 742,
751 (Tex. 2003).

          To
succeed in a bill of review, the petitioner must plead and prove to the trial
court (1) that he has a meritorious defense; (2) which he was prevented from
making through “fraud, accident or [a] wrongful act of the opposing party or
official mistake”; and (3) that he was free from his own fault or negligence.  Caldwell,
154 S.W.3d at 96.  Further, a bill of review petitioner must have exercised due
diligence in pursuing all appropriate legal remedies against the former
judgment.  See Wembley Inv. v. Herrera, 11 S.W.3d 924, 926–27 (Tex.
1999).  If reasonable legal remedies were available and disregarded, relief by
bill of review is generally unavailable.  See id. at 927.  The required
due diligence is separate and distinct from the bill of review elements.  Perdue
v. Patten Corp., 142 S.W.3d 596, 606 (Tex. App.—Austin 2004, no pet.).  The
petitioner’s due diligence in pursuing available legal remedies is judged by
the objective standard of what “prudent and careful men would ordinarily use in
their own cases of equal importance.”  See In re A.L.H.C., 49 S.W.3d
911, 916 (Tex. App.—Dallas 2001, pet. denied).

IV.
Analysis

          In
his second issue, Andrew contends that granting Thelma’s motion to dismiss his
petition for bill of review was reversible error.  Even assuming that the trial
court granted Andrew leave to file his supplemental petition for bill of review
in which he incorporated the Amicus Curiae brief, we hold that Andrew failed to
establish his entitlement to relief by bill of review.

          Once
the trial court signed the divorce decree, Andrew filed a motion for new trial,
and the trial court granted the motion on the condition that he pay $1,500 to
Thelma’s counsel.  However, Andrew failed to pay the $1,500.  Thus, after seventy-five
days passed, his motion for new trial was overruled by operation of law.  Tex.
R. Civ. P. 329b(c).  The trial court lost plenary power thirty days later. 
Tex. R. Civ. P. 329b(e).

          Andrew’s
failure to pay the $1,500 in attorney’s fees to Thelma’s counsel is analogous
to two other unsuccessful petitions for bill of review.  In Ferrice v.
Legacy Insurance Co., the petitioner failed to appear during the trial and
subsequently filed an appeal after the trial court denied his motion for new
trial.  No. 02-05-00363-CV, 2006 WL 1714535, at *1 (Tex. App.—Fort Worth June
22, 2006, pet. denied) (mem. op.).  However, Ferrice did not make arrangements
to pay for the record on appeal, and this court notified Ferrice that his
appeal would be dismissed for want of prosecution if he did not pay for preparation
of the record.  Id.  Ferrice did not pay for the record, and the appeal
was dismissed.  Id.  Later, Ferrice filed a bill of review in the trial
court, and Legacy filed a motion to dismiss Ferrice’s petition for bill of
review, citing Ferrice’s failure to exhaust all available legal remedies by not
paying for the record.  Id.  The trial court granted Legacy’s motion to
dismiss Ferrice’s petition for bill of review, and this court affirmed the
dismissal because Ferrice failed to pay for the record and therefore failed to
invoke his right of appeal.  Id. at *1, 3.  Because Ferrice failed to
exhaust all available remedies, he was not entitled to relief through bill of
review.  Id. at *3.

          Similarly,
in Brewer v. Myrtle Cove Apartments, the appellant petitioned for a bill
of review but failed to pay a ten dollar filing fee.  See No. 05-01-01045-CV,
2002 WL 1767218, at *3–4 (Tex. App.—Dallas Aug. 1, 2002, no pet.) (mem. op.,
not designated for publication).  The court stated, “By not paying the fee,
appellant failed to invoke his right to appeal and permitted the judgment to
become final.”  Id. at *4.  Therefore, the court held that Brewer was
not entitled to relief by bill of review.  Id.

          In
this case, the court granted Andrew’s motion for new trial but conditioned the
grant (and the signing of the order) on the payment of $1,500 to Thelma’s
counsel.  Andrew never paid the court-ordered attorney’s fees and, as a result,
the motion for new trial was overruled by operation of law. Thus, Andrew failed
to invoke his right to a new trial and permitted the judgment to become final. 
See Ferrice, 2006 WL 1714535, at *3; Brewer, 2002 WL 1767218, at
*3–4.  Had Andrew paid the attorney’s fees, the trial court would have signed
an order and there would have not been any confusion as to whether the trial
court’s signature on the amended scheduling order was sufficient.  Due to
Andrew’s failure to exhaust all appropriate legal remedies, he is not entitled
to the equitable relief provided by a bill of review.  Thus, the trial court
did not err by granting Thelma’s motion to dismiss Andrew’s petition for bill
of review.  See Wembley Inv. Co., 11 S.W.3d at 927; Ferrice, 2006
WL 1714535, at *3; Brewer, 2002 WL 1767218, at *3–4.  We therefore overrule
Andrew’s second issue.[4] 

V.
Conclusion

          Having
overruled Andrew’s second issue, which is dispositive, we affirm the trial
court’s judgment.  

 

 

 

Anne Gardner
Justice

 

PANEL: 
Livingston, C.J.; Gardner and
WALKER, JJ.

DELIVERED:  July 21, 2011









[1]See Tex. R. App. P. 47.4.





[2]Because
the parties share a common last name, we refer to them by their first names.





[3]The Supreme Court
subsequently granted a petition for mandamus relief in the same case, holding
that “a motion for new trial is not granted without a signed, written order
explicitly granting the motion.”  In re Lovito-Nelson, 278 S.W.3d 773,
775–76 (Tex. 2009) (orig. proceeding).





[4]Because
we have addressed Andrew’s second issue on the assumption that the trial court
granted him leave to file his supplemental petition for bill of review, we need
not address his first issue.  See Tex. R. App. P. 47.1.