

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00146-CV

---

ANDREW JACKSON ZEIGLER　　　　　　　　　　　　　　APPELLANT

V.

THELMA MARJORIE ZEIGLER　　　　　　　　　　　　　　APPELLEE

----------

## FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Andrew Zeigler appeals the trial court's adverse ruling on Appellee Thelma Zeigler's motion to dismiss Andrew's petition for bill of review.[2] Andrew contends in two issues that the trial court erred (1) by not permitting him

---

[1]*See* Tex. R. App. P. 47.4.

[2]Because the parties share a common last name, we refer to them by their first names.

to file a supplemental petition for bill of review that incorporated the contentions contained in a supporting Amicus Curiae brief and (2) by granting Thelma's motion to dismiss the petition for bill of review. Because we hold that Andrew failed to exercise due diligence in pursuing available legal remedies, we affirm.

## II. Factual and Procedural Background

Andrew and Thelma were divorced on August 8, 2008, when the trial court signed a final decree of divorce. Although Andrew had appeared in the case, he did not attend the final hearing. On September 4, 2008, Andrew filed a timely motion for new trial which was tentatively granted at the hearing on October 13, 2008, when the trial court stated: "The motion for new trial is granted. I will not sign the order, however, until the $1,500 in attorney's fees is paid to [Thelma's attorney] Ms. Schattman by Mr. Zeigler." The trial court also noted on its docket that "upon tendering $1,500 to J. Schattman by A. Zeigler, a motion for new trial is granted." That same day, the trial court signed a new scheduling order that set the case for trial on June 4, 2009. On February 2, 2009, however, the trial court sent the parties a letter informing them that Andrew's motion for new trial had been overruled by operation of law because Andrew failed to pay the court ordered attorney's fees.

On September 10, 2009, Andrew filed a petition for bill of review, and Thelma filed an answer and specially excepted to the petition on the ground that Andrew had failed to allege any act on the part of court personnel or the opposing party that prevented him from satisfying the court's order. Andrew

2

amended his petition on October 16, 2009, but he did not significantly alter his factual allegations. On March 5, 2010, Thelma filed a motion to dismiss Andrew's petition for bill of review, alleging that Andrew's amended petition failed to set forth grounds that would support relief by bill of review and noting that she had previously specially excepted on the same grounds.

On March 31, 2010, an Amicus Curiae brief was filed in support of Andrew's petition for bill of review, and Andrew filed a motion for leave to supplement his petition for bill of review to incorporate the Amicus Curiae brief. The Amicus Curiae brief alleged that Andrew was entitled to relief based on official mistake because the trial court had granted his motion for new trial by signing the amended scheduling order. The Amicus Curiae brief pointed to this court's opinion in *In re Lovito-Nelson* and stated that Andrew had reasonably relied on the trial court's statements at the hearing because the law in this appellate district at the time of the motion for new trial hearing provided that a trial court's signature on an amended scheduling order was sufficient to grant a motion for new trial. *See* No. 02-08-00244-CV, 2008 WL 2404229 (Tex. App—Fort Worth June 12, 2008, orig. proceeding [mand. denied]) (mem. op.).[3]

The trial court held a hearing on Andrew's petition for bill of review and his requested motion for leave of court to supplement his petition on April 1, 2010.

---

[3]The Supreme Court subsequently granted a petition for mandamus relief in the same case, holding that "a motion for new trial is not granted without a signed, written order explicitly granting the motion." *In re Lovito-Nelson*, 278 S.W.3d 773, 775–76 (Tex. 2009) (orig. proceeding).

On April 15, 2010, the trial court signed an order denying leave for Andrew to supplement his petition for bill of review and granting Thelma's motion to dismiss. This appeal followed.

### III. Applicable Law

**A. Standard of Review**

We generally review the denial of a bill of review under an abuse of discretion standard. *See Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi 2005, no pet.); *Manley v. Parsons*, 112 S.W.3d 335, 338 (Tex. App.—Corpus Christi 2003, pet. denied); *see also Moseley v. Omega OB-GYN Assocs. of S. Arlington*, No. 02-06-00291-CV, 2008 WL 2510638, at *2–3 (Tex. App.—Fort Worth June 19, 2008, pet. denied) (mem. op.). But "[w]hen the inquiry on the bill of review concerns questions of law, such as whether an appellant presented prima facie proof of a meritorious ground of appeal, we review the trial court's decision de novo." *Cannon v. TJ Burdett & Sons Recycling*, No. 01-08-00380-CV, 2009 WL 276797, at *3 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, no pet.) (mem. op.) (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002)).

**B. Bill of Review**

A bill of review is an equitable proceeding brought by a petitioner to set aside a judgment that is no longer appealable or subject to challenge due to the expiration of the trial court's plenary power. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). A bill of

4

review is a direct attack on the prior judgment, *In re John G. & Marie Stella Kenedy Memorial Foundation*, 159 S.W.3d 133, 141 (Tex. App.—Corpus Christi 2004, orig. proceeding), and the petitioner's burden is heavy due to the importance of according finality to judgments; as such, the grounds on which a petitioner may obtain relief by bill of review are narrow and defined. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

To succeed in a bill of review, the petitioner must plead and prove to the trial court (1) that he has a meritorious defense; (2) which he was prevented from making through "fraud, accident or [a] wrongful act of the opposing party or official mistake"; and (3) that he was free from his own fault or negligence. *Caldwell*, 154 S.W.3d at 96. Further, a bill of review petitioner must have exercised due diligence in pursuing all appropriate legal remedies against the former judgment. *See Wembley Inv. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999). If reasonable legal remedies were available and disregarded, relief by bill of review is generally unavailable. *See id*. at 927. The required due diligence is separate and distinct from the bill of review elements. *Perdue v. Patten Corp.*, 142 S.W.3d 596, 606 (Tex. App.—Austin 2004, no pet.). The petitioner's due diligence in pursuing available legal remedies is judged by the objective standard of what "prudent and careful men would ordinarily use in their own cases of equal importance." *See In re A.L.H.C.*, 49 S.W.3d 911, 916 (Tex. App.—Dallas 2001, pet. denied).

## IV. Analysis

In his second issue, Andrew contends that granting Thelma's motion to dismiss his petition for bill of review was reversible error. Even assuming that the trial court granted Andrew leave to file his supplemental petition for bill of review in which he incorporated the Amicus Curiae brief, we hold that Andrew failed to establish his entitlement to relief by bill of review.

Once the trial court signed the divorce decree, Andrew filed a motion for new trial, and the trial court granted the motion on the condition that he pay $1,500 to Thelma's counsel. However, Andrew failed to pay the $1,500. Thus, after seventy-five days passed, his motion for new trial was overruled by operation of law. Tex. R. Civ. P. 329b(c). The trial court lost plenary power thirty days later. Tex. R. Civ. P. 329b(e).

Andrew's failure to pay the $1,500 in attorney's fees to Thelma's counsel is analogous to two other unsuccessful petitions for bill of review. In *Ferrice v. Legacy Insurance Co.*, the petitioner failed to appear during the trial and subsequently filed an appeal after the trial court denied his motion for new trial. No. 02-05-00363-CV, 2006 WL 1714535, at *1 (Tex. App.—Fort Worth June 22, 2006, pet. denied) (mem. op.). However, Ferrice did not make arrangements to pay for the record on appeal, and this court notified Ferrice that his appeal would be dismissed for want of prosecution if he did not pay for preparation of the record. *Id*. Ferrice did not pay for the record, and the appeal was dismissed. *Id*. Later, Ferrice filed a bill of review in the trial court, and Legacy filed a motion to

6

dismiss Ferrice's petition for bill of review, citing Ferrice's failure to exhaust all available legal remedies by not paying for the record. *Id*. The trial court granted Legacy's motion to dismiss Ferrice's petition for bill of review, and this court affirmed the dismissal because Ferrice failed to pay for the record and therefore failed to invoke his right of appeal. *Id*. at *1, 3. Because Ferrice failed to exhaust all available remedies, he was not entitled to relief through bill of review. *Id*. at *3.

Similarly, in *Brewer v. Myrtle Cove Apartments*, the appellant petitioned for a bill of review but failed to pay a ten dollar filing fee. *See* No. 05-01-01045-CV, 2002 WL 1767218, at *3–4 (Tex. App.—Dallas Aug. 1, 2002, no pet.) (mem. op., not designated for publication). The court stated, "By not paying the fee, appellant failed to invoke his right to appeal and permitted the judgment to become final." *Id.* at *4. Therefore, the court held that Brewer was not entitled to relief by bill of review. *Id*.

In this case, the court granted Andrew's motion for new trial but conditioned the grant (and the signing of the order) on the payment of $1,500 to Thelma's counsel. Andrew never paid the court-ordered attorney's fees and, as a result, the motion for new trial was overruled by operation of law. Thus, Andrew failed to invoke his right to a new trial and permitted the judgment to become final. *See Ferrice*, 2006 WL 1714535, at *3; *Brewer*, 2002 WL 1767218, at *3–4. Had Andrew paid the attorney's fees, the trial court would have signed an order and there would have not been any confusion as to whether the trial court's

7

signature on the amended scheduling order was sufficient. Due to Andrew's failure to exhaust all appropriate legal remedies, he is not entitled to the equitable relief provided by a bill of review. Thus, the trial court did not err by granting Thelma's motion to dismiss Andrew's petition for bill of review. *See Wembley Inv. Co.*, 11 S.W.3d at 927; *Ferrice*, 2006 WL 1714535, at *3; *Brewer*, 2002 WL 1767218, at *3–4. We therefore overrule Andrew's second issue.[4]

## V. Conclusion

Having overruled Andrew's second issue, which is dispositive, we affirm the trial court's judgment.

> ANNE GARDNER
> JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED: July 21, 2011

---

[4]Because we have addressed Andrew's second issue on the assumption that the trial court granted him leave to file his supplemental petition for bill of review, we need not address his first issue. *See* Tex. R. App. P. 47.1.