**Harold CALDWELL, Petitioner,**

v.

**Robert F. BARNES, Respondent.**

No. 03–0672.

Supreme Court of Texas.

Dec. 31, 2004.

. Gus E. Pappas, Todd S. Gaines, for Petitioner.

Thomas O. Matlock Jr., Kelly K. McKinnis, McAllen, for Respondent.

PER CURIAM.

This case arises from a bill of review proceeding that challenged a default judgment for lack of service. After holding a pretrial hearing and taking evidence on the question of whether a bill of review plaintiff had been served with process in the underlying lawsuit, the trial court issued a finding of fact that the plaintiff had been served and rendered judgment against him. The court of appeals affirmed. The issue before this Court is whether the plaintiff was entitled to submit the question of service to a jury at trial, or whether the trial court properly resolved the matter in a pretrial hearing. Because we conclude (1) that the plaintiff was entitled to submit the question of service to a jury at trial and the trial court erred by resolving the matter in a pretrial hearing, and (2) the plaintiff preserved his right to a jury trial, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

Robert F. Barnes sued Harold Caldwell, a Colorado resident, in Texas in 1989, alleging various causes of action stemming from a contract dispute. Barnes arranged for Caldwell to be personally served with process in Colorado through a private process server, DeWayne Perdew. The return of service filed with the trial court reflects that Perdew hand-delivered process to Caldwell in Jefferson County, Colorado on July 30, 1989. Caldwell contends that he was never served with process, and as a result, did not file an answer. When Caldwell did not answer, Barnes obtained a $15,500,000 default judgment against him.

In 1993, Caldwell filed a petition for a bill of review in the trial court, claiming he was never served with process. In support of his claim, Caldwell submitted (1) an affidavit stating that he had never been served; (2) a second affidavit from Perdew in which Perdew contradicted his earlier affidavit by stating that he had not, in fact, ever served Caldwell; (3) an affidavit from Perdew's ex-girlfriend, Lucy Lackey, corroborating Perdew's retraction by stating that Perdew could not have served Caldwell on July 30, 1989, because on that date he was attending a George Strait concert with her in Cheyenne, Wyoming; (4) the affidavits of four litigants in unrelated lawsuits, whom Perdew claimed to have served on July 30, 1989, but who similarly denied service; and (5) the affidavit of a landlord stating that no one resided at an apartment where Perdew claimed to have served a tenant with process on that same date.

Both parties moved for summary judgment. Caldwell asserted that the above-mentioned affidavits established that he was never served with process, and therefore the default judgment against him should be set aside. Barnes, however, asserted that Caldwell's bill of review should be denied because Caldwell had failed to exhaust his legal remedies in Colorado and because a bill of review was barred by laches since Caldwell had failed to diligently exercise his right to challenge notice when he was informed of the default judgment against him. The trial court granted summary judgment in favor of Barnes, and the court of appeals affirmed. 941 S.W.2d 182, 190.

On review, this Court reversed the court of appeals' judgment and remanded the case to the trial court. This Court held that Barnes was not entitled to summary judgment because Caldwell was not required to exhaust his legal remedies in Colorado as a prerequisite to relief in Texas, and because a bill of review was not barred by laches since it was brought with-

in the statutory limitations period. 975 S.W.2d 535, 538–39. This Court further held that "because the original return of service conflict[ed] with Caldwell's, Perdew's, and the others' subsequent affidavits," a genuine issue of fact existed as to whether Caldwell had been served in the underlying proceeding. *Id.* at 537.

In June 2000, on remand from this Court, the trial court conducted a pretrial hearing on the question of Caldwell's service. At the hearing, Caldwell offered evidence suggesting that he was never served with process, including the above-mentioned affidavits, Caldwell's own testimony that he was not served with process on July 30, 1989, or at any other time, and Lackey's testimony that on July 30, 1989, Perdew was with her in Wyoming and therefore did not serve process on Caldwell. During cross-examination, however, Caldwell admitted that in the past he had purposely allowed approximately a dozen default judgments to be taken against him, even after being properly served with process, because defaulting was often less costly than defending the underlying suits. In addition, during Lackey's cross-examination, she admitted that she could not remember who prepared her affidavit or where it was signed. She also testified that she could not produce receipts and concert ticket stubs supporting her trip with Perdew to Wyoming, because in 1991, she had relinquished them to Caldwell's agents after they arranged to meet with her at the Taco Bell where she worked in Colorado. Caldwell, however, never introduced any receipts or ticket stubs into evidence to support Lackey's claims.

After the pretrial hearing, the trial court made the following factual findings: (1) the credibility and interest of the witnesses present at the hearing was in issue; (2) Caldwell had a practice of being served with process and not answering, thus allowing default judgments to be entered against him; (3) Perdew gave at least two completely contradictory statements under oath regarding service; (4) Lackey's credibility had been called into question; and (5) Caldwell had been served. Based on these findings, the trial court declined to proceed to trial and denied Caldwell's bill of review. The court of appeals affirmed the trial court's judgment. —— S.W.3d ——, 2003 WL 359453. Caldwell petitioned this Court for review. We must decide whether (1) Caldwell was entitled to submit the question of service of process to a jury at trial, and if the trial court therefore erred by resolving the matter in a pretrial hearing, and (2) whether the error was harmful because Caldwell preserved his right to a jury trial on the issue.

 We begin by considering what a bill of review plaintiff must prove when claiming lack of service of process. A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979). Bill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Id.* at 406–08; 975 S.W.2d at 537.

 Bill of review plaintiffs claiming non-service, however, are relieved of two elements ordinarily required to be proved in a bill of review proceeding. 975 S.W.2d at 537; *see Tex. Indus., Inc. v. Sanchez,* 525 S.W.2d 870, 871 (Tex.1975). First, if a plaintiff was not served, constitutional due process relieves the plaintiff from the need to show a meritorious defense. *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 86–87,

108 S.Ct. 896, 99 L.Ed.2d 75 (1988) (holding that the meritorious defense requirement in a bill of review proceeding violates due process where the bill of review plaintiff has no notice of the proceeding in which the default judgment was rendered); 975 S.W.2d at 537. Second, the plaintiff is relieved from showing that fraud, accident, wrongful act or official mistake prevented the plaintiff from presenting such a defense. 975 S.W.2d at 537; *Sanchez*, 525 S.W.2d at 871.

■ Bill of review plaintiffs alleging they were not served, however, must still prove the third and final element required in a bill of review proceeding that the judgment was rendered unmixed with any fault or negligence of their own. In *Caldwell*, we said this third and final element is conclusively established if the plaintiff can prove that he or she was never served with process. 975 S.W.2d at 537. An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered.[1] Proof of non-service, then, will conclusively establish the third and only element that bill of review plaintiffs are required to prove when they are asserting lack of service of process as their only defense.[2]

■ We next consider whether Caldwell was entitled to submit the question of service of process to a jury at trial or whether the trial court could properly resolve the question in a pretrial proceeding. In *Goldsmith*, we outlined the procedure to

be utilized in a bill of review proceeding. 582 S.W.2d at 408–09; *see also State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464–65 (Tex.1989). We held in *Goldsmith* that a bill of review plaintiff is required, as a pretrial matter, to present prima facie proof of a meritorious defense to the underlying cause of action. 582 S.W.2d at 408–09; *see also Beck v. Beck*, 771 S.W.2d 141, 142 (Tex.1989). This requirement, as we have stated, is dispensed with when the plaintiff is claiming lack of service of process. We further held that once prima facie proof of a meritorious defense has been established, the court should conduct a trial in which the plaintiff must negate his or her fault or negligence. *Goldsmith*, 582 S.W.2d at 409. Because proof of non-service conclusively negates a plaintiff's fault or negligence, then, the question of service is properly resolved at trial and not by the trial court in a pretrial proceeding if the material facts are disputed.

■ In sum, when a plaintiff seeks a bill of review based solely on a claim of non-service, the bill of review procedure outlined in *Goldsmith* must be slightly modified. *See id.* at 408–09. When a plaintiff claims lack of service, the trial court should: (1) dispense with any pretrial inquiry into a meritorious defense, (2) hold a trial, at which the bill of review plaintiff assumes the burden of proving that the plaintiff was not served with process,[3] thereby conclusively establishing a

---

**1.** A party who becomes aware of the proceedings without proper service of process has no duty to participate in them. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990).

**2.** *Cf. Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex.2004) (holding that when bill of review plaintiffs are properly served with process, they must show they were not at fault or negligent in allowing a default judgment to be rendered); *Gold v.*

*Gold*, 145 S.W.3d 212, 214 (Tex.2004) (failure to seek reinstatement, new trial, or appeal, if available, normally would be negligence).

**3.** At trial, the testimony of a bill of review plaintiff alone, without corroborating evidence, is insufficient to overcome the presumption that the plaintiff was served. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994) ("The recitations in the return of service carry so much weight that

lack of fault or negligence in allowing a default judgment to be rendered, and (3) conditioned upon an affirmative finding that the plaintiff was not served, allow the parties to revert to their original status as plaintiff and defendant with the burden on the original plaintiff to prove his or her case.

Finally, we consider whether the denial of a jury trial on the issue of service of process was harmful error. Because the trial court considered conflicting evidence, made findings of fact based on the evidence, and ultimately determined that Caldwell was served with process, Barnes argues that it was harmless error for the trial court not to present the question of service to the jury. Specifically, Barnes relies on the court of appeals' holding that "in a non-jury case, the trial court's findings of fact have the same force and dignity as does a jury verdict on special issues." — S.W.3d ——, 2003 WL 359453. We do not agree with Barnes, however, that this was a "non-jury" case.

The record indicates that Caldwell never assented to a non-jury determination on the issue of service. Caldwell's attorney specifically asserted to the trial court that service of process was a "question of fact" and that Caldwell was entitled to a trial on the issue. Similarly, Barnes's attorney argued that service of process presented a fact question for the jury to decide. Further, the record reflects that the jury fee had been paid and the case had been placed on the jury trial docket. When a party timely demands a jury and pays the fee, the trial court may not remove the case from the jury docket over the objection of the opposing party. *See* Tex.R. Civ. P. 216, 220; *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 667 (Tex. 1996). The wrongful denial of a jury trial is harmful when the case contains a question of material fact. *Rhyne*, 925 S.W.2d at 666. The question of whether Caldwell was served with process is a question of material fact, and therefore the denial of a jury trial was harmful error.

Caldwell must be given a jury trial because he preserved his right to have a jury decide whether he was served with process. At trial, he must establish by a preponderance of the evidence that he was never served. Pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, we grant Caldwell's petition for review, and without hearing oral argument, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings consistent with this opinion. *See* Tex.R.App. P. 59.1.

they cannot be rebutted by the uncorrob-
orated proof of the moving party.").