Opinion issued March 6, 2008










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01106-CV






NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION AND
NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED,
Appellants


V.


BLAKE'S BAR-B-Q, INC., Appellee






On Appeal from County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 823,708






MEMORANDUM OPINION

 This is an appeal from the trial court's September 1, 2006 judgment denying
the petition for a bill of review filed by appellants National Football League Players
Association and National Football League Players Incorporated. See generally
Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004) (elements of bill of review). The
bill of review was filed to set aside a default judgment in which appellee Blake's
Bar-B-Q, Inc. recovered $50,000 for breach of contract and $20,000 in attorney's fees
from National Football League Players Incorporated. See Blake's Bar-B-Q, Inc. v.
Nat'l Football League Players Inc., No. 815,310 (County Civ. Ct. at Law No. 4,
Harris County, Tex. June 15, 2004).

 The underlying dispute arose out of a business deal the Houston chapter of the
National Football League Players Association made with Blake's Bar-B-Q in
connection with the 2004 Super Bowl. Blake's signed an agreement with "National
Football League Players Association, Inc." in which it would be authorized to cater
"officially sanctioned" Super Bowl events. The contract called for Blake's to be paid
$30,000 from the first $100,000 in gross receipts, $10,000 from gross receipts from
$100,001 to $200,000, and $10,000 from gross receipts in excess of $200,000. The
maximum amount due Blake's, exclusive of catering, was $50,000. Blake's was
never paid, and it sued and obtained a default judgment for $50,000 in damages from
National Football League Players Incorporated.

 After both National Football League Players Association and National Football
League Players Incorporated filed their bill of review, Blake's counterclaimed in that
proceeding against National Football League Players Association for breach of
contract, fraud, and conversion. The September 1, 2006 judgment (1) dismissed with
prejudice National Football League Players Incorporated, (2) denied all relief
requested by National Football League Players Association, and (3) granted summary
judgment on Blake's Bar-B-Q, Inc.'s motion that Blake's recover $50,000 for
contract damages and $37,500 in attorney's fees from National Football League
Players Association. The record contains no order granting the bill of review and
setting aside the June 15, 2004 default judgment, and the final judgment affirmatively
dismissed with prejudice National Football League Players Incorporated and denied
all relief requested by National Football League Players Association.

 The effect of the final judgment is that all relief requested in the bill of review
was denied. The trial court rendered a summary judgment based on Blake's
counterclaim against National Football League Players Association. National
Football League Players Association and National Football League Players
Incorporated did not object in the trial court to denial of their bill of review, but
instead filed a motion for reconsideration challenging the award of the counterclaim
on the grounds that it was an impermissible double recovery and the evidence was
legally and factually insufficient to support the summary judgment. As these are the
only complaints preserved for appellate review, we will restrict our consideration of
appellants' issues accordingly. See Tex. R. App. P. 33.1(a) (discussing preservation
of error).

 In issue 2, National Football League Players Association contends in part that
the trial court erred in rendering a Rule 166a(c) summary judgment against it because
Blake's did not establish the amount of damages by providing evidence of the amount
of gross receipts. See Tex. R. Civ. P. 166a(c). In issue 3, National Football League
Players Association contends in part that the trial court erred in awarding attorney's
fees because the award of actual damages was erroneous. Blake's does not directly
respond to these arguments, but instead contends this Court should treat the
summary-judgment award against National Football League Players Association as
either a sanctions award or a judgment nunc pro tunc.

 It is axiomatic that the summary-judgment movant bears the burden of
establishing there is no genuine issue as to any material fact and that movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). Here, the
summary-judgment evidence does not demonstrate the amount of gross receipts, so
Blake's summary-judgment damage award of $50,000 cannot stand. Further, the
award of attorney's fees cannot be upheld because Blake's cannot recover damages. 
See Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997). Accordingly, we
sustain issues 2 and 3 in part, and overrule as moot the remaining portions in those
issues.

 We interpret Blake's argument that this Court should treat the
summary-judgment award against National Football League Players Association as
either a sanctions award or a judgment nunc pro tunc as a cross-point. Blake's,
however, does not point to anything in the record that suggests it ever asked the trial
court to impose sanctions or to render a judgment nunc pro tunc. Blake's clearly
pleaded a counterclaim against National Football League Players Association for
breach of contract, fraud, and conversion. We decline to allow Blake's to
recharacterize the summary-judgment award for the first time on appeal. Blake's
cross-point is overruled.

 Because we have sustained National Football League Players Association's
challenge to the $50,000 damage award and attorney's fees, all remaining issues
regarding the summary judgment against National Football League Players
Association are moot. We overrule Blake's issues attacking the 2004 default
judgment against National Football League Players Incorporated because those issues
were not preserved for appellate review. Accordingly, (1) we affirm the portion of
the September 1, 2006 judgment that (a) dismissed with prejudice National Football
League Players Incorporated and (b) denied all relief requested by National Football
League Players Association, (2) we reverse the portion of the September 1, 2006
judgment that rendered summary judgment for Blake's, and (3) we remand the case
to the trial court for further proceedings limited to Blake's counterclaims against
National Football League Players Association.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.