# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-20303

In The Matter Of:  SEVEN SEAS PETROLEUM INC

　　　　　　　　　　　　　　　　　　Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

HIGHLAND CAPITAL MANAGEMENT LP;
ML CBO IV (CAYMAN) LTD; PAMCO CAYMAN LIMITED;
PAM CAPITAL FUNDING LP; FAMCO VALUE INCOME
PARTNERS, LP; FAMCO OFFSHORE LTD

　　　　　　　　　　　　　　　　　　Appellants

v.

SEVEN SEAS PETROLEUM INC

　　　　　　　　　　　　　　　　　　Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-1104

Before KING, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After several unsecured creditors of a bankrupt corporation brought claims in state court against a former executive of the corporation, the bankruptcy court issued a preliminary injunction barring the prosecution of the claims in state court. On a motion to reconsider, the bankruptcy court concluded that the claims belonged to the bankruptcy estate, not the unsecured creditors, and declined to amend the preliminary injunction. The district court affirmed, and the unsecured creditors now appeal. For the reasons that follow, we conclude that this case is moot, vacate the preliminary injunction, and remand with instructions to dismiss.

I.

Appellants in this case are unsecured creditors of Seven Seas Petroleum, Inc., a Houston-based oil and gas company. After Seven Seas entered bankruptcy in 2002, the Chapter 11 trustee sued some of the company's officers and directors in an adversary proceeding, alleging, among other things, breach of various fiduciary duties. Meanwhile, appellants brought an action in state court against, among others, Robert A. Hefner, III, the former Chairman and CEO of Seven Seas, asserting claims for conspiracy to defraud and aiding and abetting fraud. Hefner was and remains a defendant in the trustee's adversary proceeding, which has since been transferred and continues in the district court.

The trustee then commenced a separate adversary proceeding in bankruptcy court against appellants, requesting that the bankruptcy court issue a temporary injunction staying appellants from prosecution of their claims against Hefner in state court. The bankruptcy court granted the preliminary injunction, held a hearing, and issued an order declining to amend the preliminary injunction.

Prior to the bankruptcy court's issuance of the preliminary injunction, though, Hefner moved for summary judgment in the state court proceeding. The state trial court granted summary judgment in Hefner's favor, and this ruling

was affirmed on appeal by the Houston Court of Appeals (First District). See Highland Capital Mgmt. v. Ryder Scott Co., 212 S.W.3d 522 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). After the close of briefing in this case, the Texas Supreme Court denied discretionary review of the affirmance of the grant of summary judgment in favor of Hefner. We requested supplemental letter briefs on the questions whether these developments have rendered this case moot and, if so, whether the preliminary injunction should be vacated.

## II.

"To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Whether an actual controversy remains at this stage of the litigation is a question that we resolve de novo." Harris v. City of Houston, 151 F.3d 186, 189 (1998) (citing Elder v. Holloway, 510 U.S. 510, 516 (1994)).

"We have no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before' us." Willy v. Admin. Review Bd., 423 F.3d 483, 494 n.50 (5th Cir. 2005) (citing Church of Scientology of Ca. v. United States, 506 U.S. 9, 12 (1992)). "If an event occurs that prevents us from granting 'any effectual relief whatever' to a prevailing party, the controversy is moot, and the appeal must be dismissed." Id. (citing Church of Scientology, 506 U.S. at 12). This doctrine applies here and dictates a finding of mootness: appellants challenge an injunction that bars them from prosecuting their claims against Hefner in state court, but Hefner has already obtained a final, non-appealable judgment in his favor in state court. The appellants' state court lawsuit is over, at least as it pertains to Hefner, and any decision by us here will be of no effect. This case is moot.

Appellants suggest that this case is not moot because they might yet file a "bill of review" in state court. This argument is unavailing. "A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004). However, "[b]ill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part." Id. (citations omitted). Here, appellants have made no showing, or even any argument, that they were prevented from making a defense in state court to Hefner's summary judgment motion, much less that fraud, accident, or official mistake was responsible.

### III.

Having concluded that this case is moot, we must next consider whether to vacate the preliminary injunction. Historically, the rule was to vacate the judgment below if the case became moot on appeal. Staley v. Harris County, 485 F.3d 305, 310 (5th Cir. 2007) (en banc) (citations omitted). However, the Supreme Court has rejected this rule in favor of an approach that calls for case-by-case determinations based on the facts, rather than an inflexible rule. Id. (citing U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 25–26 (1994)).

Nonetheless, "[t]he principal condition to which [the Court has] looked is whether the party seeking relief from the judgment below caused the mootness by voluntary action." U.S. Bancorp, 513 U.S. at 24. Accordingly, "in cases mooted by actions that were clearly unattributable to the voluntary actions of the parties, we have consistently vacated." Staley, 485 F.3d at 311 n.2 (citations omitted). Here, it is clear that the mootness of this case cannot be attributed to

voluntary actions on the part of either appellants or Seven Seas. It was the actions of the state courts, in granting Hefner's motion for summary judgment and affirming on appeal, as well as Hefner himself, in moving for summary judgment, that rendered this case moot. Vacatur is therefore appropriate.

## IV.

For the foregoing reasons, we conclude that this case is moot. We vacate the preliminary injunction, remand the case to the bankruptcy court, and direct that it be dismissed as moot. VACATED and REMANDED with instructions. Each party shall bear its own costs.