**Affirmed and Memorandum Opinion filed April 16, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00911-CV

---

### IN THE INTEREST OF L.E.A. AND V.C.A,

---

**On Appeal from the 418th District Court
Montgomery County, Texas
Trial Court Cause No. 12-07-07969 CV**

---

## M E M O R A N D U M   O P I N I O N

Stephanie Deatherage filed a petition for bill of review seeking to overturn an order establishing the parent-child relationship in an underlying suit. The trial court found that Deatherage failed to made a prima facie showing of the elements of sufficient cause and dismissed the petition for bill of review. In a single issue, Deatherage contends the trial court erred in dismissing the petition because she established lack of service. We affirm.

In 2009, Deatherage filed for divorce from Charles Allen in cause number

09-06-05858 in County Court at Law No. 1 in Montgomery County, Texas. The Office of the Attorney General subsequently filed a Petition to Establish Parent-Child Relationship to establish Allen's paternity of the two children. The Attorney General's suit was filed in the 418th District Court in Montgomery County. On August 20, 2009, Deatherage was served with citation through substituted service. On September 14, 2009, Deatherage filed an answer to the Attorney General's suit. On September 22, 2009, the two suits were consolidated.

On August 19, 2011, Deatherage non-suited the divorce case. Deatherage admitted that, on that date, the trial court informed her that a trial on the Attorney General's suit was set on September 1, 2011. Deatherage further admitted that she did not appear in court on September 1, 2011.

On September 1 and 2, 2011, the trial court conducted a trial on the paternity suit filed by the Attorney General. On September 12, 2011, the trial court entered an Order Establishing the Parent-Child Relationship. The court found that Charles Allen is the biological father of the children. The court appointed Allen sole managing conservator of the children, and appointed Deatherage possessory conservator. The trial court further ordered Deatherage to pay $300 per month child support plus monthly medical support. Deatherage did not file a motion for new trial or notice of appeal from the court's order establishing parent-child relationship.

On July 25, 2012, Deatherage filed a petition for bill of review in which she alleged she was not served with the Attorney General's petition. On September 5, 2012, the trial court held a hearing on Deatherage's petition. At the hearing, Deatherage admitted she filed an answer to the suit, she was informed of the trial setting, she did not appear on the scheduled trial date, and did not file a motion for new trial. The trial court dismissed Deatherage's petition for bill of review.

In a single issue, Deatherage contends the trial court abused its discretion because she did not receive service of the Attorney General's suit.

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer appealable or subject to a motion for new trial. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). It requires pleading and proof of three elements: (1) a meritorious defense to the underlying cause of action; (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake; (3) unmixed with any fault or negligence by the movant. *Id.*

If a party petitioning for a bill of review seeks to set aside a default judgment based on lack of proper service, the petitioner need not prove the first two requirements. *Id.* A petitioner alleging lack of proper service still must prove that the default judgment was unmixed with any fault or negligence by the petitioner. *Id.* at 97. Proof of non-service will establish this element conclusively if the petitioner asserts lack of service of process as the only defense. *Id.*

If a bill of review petitioner claims lack of service, the trial court should (1) dispense with any pretrial inquiry into a meritorious defense; (2) hold a trial, at which the bill of review petitioner assumes the burden of proving lack of service; and (3) conditioned on an affirmative finding that the petitioner was not served, allow the parties to revert to their original status as plaintiff and defendant with the burden on the original plaintiff to prove the case. *See id.* at 97–98.

In reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

3

"An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." Tex. R. Civ. P. 121. Therefore, by answering the Attorney General's suit, Deatherage dispensed with the necessity for service. *Burrow v. Arce*, 997 S.W.2d 229, 246 (Tex. 1999). Deatherage's sole issue is overruled and the trial court's judgment is affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.