FILED
15-0600
9/15/2015 3:11:20 PM
tex-6935301
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

No. 15-0600

In the

Supreme Court of Texas

Glenn Herbert Johnson,
**Petitioner,**

_____

**On Petition for Review from the
1st Court of Appeals at Houston, Texas**

_____

**1st Amended PETITION FOR REVIEW**

_____

From the 1st District Court of Appeals,
Cause No. 01-14-00383-CV, and
the 190th District Court for Harris County,
Cause No. 2013-08713,
Honorable Patricia J. Kerrigan.

Glenn Herbert Johnson
8926 Daffodil Street
Houston, Texas 77063
Email: _Prairie_View_Grad@yahoo.com_
*Pro se*

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38 of Texas Rules of Appellate Procedure, the following constitutes a list of all parties to the trial court's final judgment and the names and addresses of all trial and appellate counsel:

Petitioner                                      Glenn <u>Herbert</u> Johnson, ***Pro Se***

Respondents:                                    Harris County, Harris County Department of Education, Port of Houston Authority of Harris County, Harris County Flood Control District, Harris County Hospital District, City of Houston, Houston Independent School District & Houston Community College System.

Respondent's trial counsel:                     Emily K. Watkins TBN24052164 Linebarger Goggan Blair & Sampson LLP
4828 Loop Central Drive, Suite 600
Houston, Texas 77081
*emily.watkins@lgbs.com*

Anthony W. Nims TBN15031500 Linebarger Goggan Blair & Sampson LLP
4828 Loop Central Drive, Suite 600
Houston, Texas 77081
*tony.nims@lgbs.com*

Respondent's appellate counsel:    **Edward J.Nicholas** TBN14991350
Linebarger Goggan Blair &
Sampson,LLP
4828 Loop Central Drive,
Suite 600
Houston, Texas 77081
*nick.nicholas@lgbs.com*

Respondent:    Hashmet Wali

Respondent's trial counsel:    Mohammed Ali Zakaria
TBN22243410
M. Ali Zakaria & Associates,
6161 Savoy Drive, Suite 1000
Houston, Texas 77081
*ali@zakarialaw.com*

**Digant Jariwala**, TBN24067685
M. Ali Zakaria & Associates,
6161 Savoy Drive, Suite 1000
*digant@zakarialaw.com*

Respondent's appellate counsel:    Mohammed Ali Zakaria
TBN22243410
M. Ali Zakaria & Associates,
6161 Savoy Drive, Suite 1000
Houston, Texas 77081
*ali@zakarialaw.com*

**Digant Jariwala**,TBN24067685
M. Ali Zakaria & Associates,
6161 Savoy Drive, Suite 1000
*digant@zakarialaw.com*

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL                          2-3

INDEX OF AUTHORITIES                                     5

STATEMENT OF THE CASE                                    6-9

STATEMENT OF JURISDICTION                                9

ISSUES PRESENTED                                         9

Issue 1:   Failure to adhere to Section 33.56 (b)

Issue 2:   The Court's misreading of "Invited Error"

STATEMENT OF FACTS                                       10

SUMMARY OF THE ARGUMENTS                                 13


CONCLUSION AND PRAYER                                    16

CERTIFICATE OF SERVICE                                   17

# INDEX OF AUTHORITIES

**RULES**

*Texas Rule of Civil Procedure 21(d)*


**STATUTES**

Texas Property Tax Code*, Section 33.56*


**CASES**

*Caldwell v. Barnes,*
154 S.W. 3d 93 Tex. 2004, December 31, 2005 at 97-98.

# No. 15-0600

# In the

# Supreme Court of Texas

**Glenn <u>Herbert</u> Johnson,**
**Petitioner,**

_____

**On Petition for Review from the**
**1st Court of Appeals at Houston, Texas**

_____

# 1st Amended PETITION FOR REVIEW

_____

**TO THE HONORABLE SUPREME COURT OF TEXAS**

### STATEMENT OF THE CASE

Nature of the Case:      Bill of Review, wherein
                         Petitioner, Glenn Herbert Johnson
                         sought to overturn a Tax
                         Foreclosure Sale on his homestead
                         located at 8926 Daffodil Street –
                         Houston, Texas.

Parties and Pleadings:   In 2009, Harris County sued Glenn
                         Herbert Johnson, seeking recovery
                         of unpaid property taxes.

On October 10, 2011, the trial court entered a default judgment against Glenn Herbert Johnson, at the time unaware that Lynda Thompson, the process server working as an agent of the law firm, Linebarger Goggan Blair & Sampson, LLP, which is the independent contractor charged with collecting delinquent ad valorem taxes for Harris County, had filed a fraudulent affidavit, claiming that she had served Glenn Herbert Johnson with process when, in fact she had served a Glenn Edward Johnson and that, therefore, Harris County's service of process was defective and Glenn Herbert Johnson did not have notice of the suit.

On March 6, 2012, a Harris County constable conducted a tax sale of the property.

Hashmet Wali and Yousuf Zakaria purchased the property for $55,800. In 2013, Glenn Herbert Johnson petitioned for a BILL OF REVIEW, challenging the default judgment on the basis that he was never served with the tax suit.

Glenn Herbert Johnson requested that the trial court: "vacate the Default Judgment in Cause No. 2009-51784," "reopen Cause No. 2009-51784 and grant a new trial, with the parties in Cause No. 2009-51784, reverting to their original status as Plaintiff and Defendant," and "set aside the Constable/Sheriff's sale of the above specified property."

Trial Court:                 The 190th Judicial District Court
                             of Harris County, Texas, before
                             the Honorable Patricia J.
                             Kerrigan.

Trial Court Disposition:     Based on the proof of lack of
                             proper service with citation, on
                             November 15, 2013, the trial court
                             declared the default judgment VOID
                             AS A MATTER OF LAW. Harris County
                             and Hashmet Wali then jointly
                             moved to vacate the default
                             judgment and void the constable's
                             sale and deed, pursuant to §33.56
                             and §34.07 of the Texas Tax Code.
                             Although Harris County and Hashmet
                             failed to follow the requirements
                             set forth in § 33.56 (b),the trial
                             court, nevertheless, ordered
                             Harris County to refund to Hashmet
                             Wali his purchase price proceeds
                             of $55,800, an amount that
                             included court costs and proceeds
                             in excess of the lien in the
                             amount of $7,124.15. The trial
                             courts final order reinstated the
                             tax court cause number,2009-51784,
                             and noted that "this Order finally
                             disposes of all parties and claims
                             and is appealable."

                             Hashmet Wali then petitioned to
                             release the $7,124.15,held in the
                             court's registry.

                             The trial court granted Hashmet
                             Wali's petition and ordered the
                             District Clerk to release the
                             excess proceeds.

| Court of Appeals: | 1st Court of Appeals, Houston, Texas. Before Justice Evelyn Keyes, Justice Michael C. Massengale and Justice Jane Bland. Justice Jane Bland delivered the Opinion for the panel. |
|---|---|
| C of A disposition: | Affirmed. |

## STATEMENT OF JURISDICTION

The Supreme Court has jurisdiction of this case under Tex. Gov't Code § 22.001(a)6).

## ISSUES PRESENTED

### ISSUE ONE

Did Harris County meet its requirements, under Texas Property Tax Code § 33.56, so as to require the return of the entire purchase price to Hashmet Wali and did Harris County meet its requirements, under Texas Rules of Civil Procedure, Rule 21(d), so as to require the return of the entire purchase price to Hashmet Wali.

### ISSUE TWO

Did Glenn Herbert Johnson "invite an error" by requesting that the Trial Court allow the parties to revert to their original status as PLAINTIFF and DEFENDANT with the burden on the original PLAINTIFF to prove his or her case?

## STATEMENT OF FACTS

In 2009, Harris County sued Glenn Herbert Johnson, seeking recovery of unpaid property taxes. On October 10,2011, the trial court entered a default judgment against Glenn Herbert Johnson, at the time unaware that Lynda Thompson, the process server working as an agent of the law firm, Linebarger Goggan Blair & Sampson, LLP, which is the independent contractor charged with collecting delinquent ad valorem taxes for Harris County, had filed a fraudulent affidavit, claiming that she had served Glenn Herbert Johnson with process when, in fact she had served a Glenn Edward Johnson and that, therefore, Harris County's service of process was defective and Glenn Herbert Johnson did not have notice of the suit. On March 6, 2012,a Harris County constable conducted a tax sale of the property. Hashmet Wali and Yousuf Zakaria purchased the property for $55,800. In 2013, Glenn Herbert Johnson petitioned for a BILL OF REVIEW, challenging the default judgment on the basis that he was never served with the tax suit.

Glenn Herbert Johnson requested that the trial court: "vacate the Default Judgment in Cause No. 2009-51784," "reopen Cause No. 2009-51784 and grant a new trial, with the parties in Cause No. 2009-51784, reverting to their

original status as Plaintiff and Defendant," and "set aside the Constable/Sheriff's sale of the above specified property."

Based on the proof of lack of proper service with citation, on November 15, 2013, the trial court declared the default judgment VOID AS A MATTER OF LAW. Harris County and Hashmet Wali then jointly moved to vacate the default judgment and void the constable's sale and deed, pursuant to §33.56 and §34.07 of the Texas Tax Code. The Joint Motion file by Harris County and Hashmet Wali was filed in the 190th District Court under Cause No. 2013-08713 and was timely served on Glenn Herbert Johnson. Harris County and Hashmet Wali simultaneously filed a Joint Motion, in the 190th District Court, under the correct Cause No. 2009-51784, but failed notify Glenn Herbert Johnson of that filing and did not serve Glenn Herbert Johnson with that particular Joint Motion as specifically required by §33.56 of the Texas Property Tax Code and Rule 21(d) of the Texas Rules of Civil Procedure.

The trial court ordered Harris County to refund to Hashmet Wali his purchase price proceeds of $55,800, an amount that included court costs and proceeds in excess of the lien in the amount of $7,124.15, even though it was apparent on the face of the record that Harris County and

Hashmet failed to follow the requirements set forth in §
33.56 (b), which states that:

*"The taxing unit must file the petition under the same*
*cause number as the delinquent tax suit and in the same*
*court.",* and that Harris County and Hashmet failed to
follow the requirements set forth in Rule 21 (d) of the
Texas Rules of Civil Procedure, which states that: "*The*
*party or attorney of record, must certify to the Court*
*compliance with this rule in writing over signature on the*
*filed pleading, plea, motion or application.",*

The trial courts final order reinstated the tax court
cause number,2009-51784, and noted that "this Order finally
disposes of all parties and claims and is appealable."
Hashmet Wali then petitioned to release the $7,124.15, held
in the court's registry.

The trial court granted Hashmet Wali's petition and
ordered the District Clerk to release the excess proceeds.

On May 12, 2014, Glenn <u>Herbert</u> Johnson filed an appeal
with the 1st Court of Appeals-Houston, contending that the
trial court abused its discretion in ordering Harris County
to refund to Hashmet Wali his purchase price proceeds of
$55,800, an amount that included court costs and proceeds
in excess of the lien in the amount of $7,124.15.

On June 2, 2015, the 1st Court of Appeals issued a Memorandum Opinion affirming the Judgment of the Trial Court and holding that the Trial Court did not abuse its discretion when it reinstated the tax lien and refunded the purchase price of the encumbered property to Hashmet Wali.

On June 17, 2015, Glenn Herbert Johnson filed a Motion for Rehearing with the 1st Court of Appeals.

On June 30, 2015, Justice Jane Bland, acting for the Court, ordered that Glenn Herbert Johnson's Motion for Rehearing is **DENIED**.

## SUMMARY OF ARGUMENT

The case presents two issues which require this Court to conduct interpretation.

## <u>ISSUE ONE</u>

**First**, Section 33.56 of the Tax Code provides that a taxing unit that was a party to a judgment for foreclosure of a tax lien "may file a petition to vacate the judgment on one or more" grounds. The section also requires that a taxing unit must file the petition under the same cause number as the delinquent tax suit in the same court. Id.§ 33.56(b).

The Trial Court, and the 1st Court of Appeals seem to believe that filing a PETITION TO VACATE THE JUDGMENT under a cause number different from the cause number of the delinquent tax suit is an acceptable practice.

Rule 21(a) of the Texas Rules of Civil Procedure requires all notices served upon counsel of record to have a certificate of service accompanying the motion.

Rule 21(d) of the Texas Rules of Civil Procedure Certificate of Service. The party or attorney of record, must certify to the court compliance with this rule in writing over signature on the filed pleading, plea, motion, or application
Ideally, the certificate of service should specify by name to whom the documents were sent, and how. In the 151stCivil District Court, and some other courts now as well, all new lawsuits must be electronically filed unless the plaintiff is pro se. All parties are required to file documents electronically. In that way, once the documents are e-filed, they are automatically served on all other counsel of record. A certificate of service is nevertheless still required.

Petitioner argues that a PETITION TO VACATE THE JUDGMENT filed under the same cause number as the delinquent tax suit, but not served on the Defendant in the delinquent tax suit (in keeping of Rule 21(d) of the Texas Rules of Civil Procedure), renders that filing DEFECTIVE and VOID AS A MATTER OF LAW, based solely on a claim of non-service/lack of service.

## ISSUE TWO

The **second issue** which requires this Court to conduct interpretation is the 1st Court of Appeals contention that Petitioner INVITED AN ERROR by expressly requesting in his BILL OF REVIEW that "conditioned upon an affirmative finding that the plaintiff was not served, allow the parties to revert to their original status as PLAINTIFF and DEFENDANT with the burden on the original PLAINTIFF to prove his or her case." Petitioner would argue that the Hashmet was neither PLAINTIFF or DEFENDANT in the Tax Lawsuit.

See: Caldwell v. Barnes 154 S.W. 3d 93 Tex. 2004, December 31, 2005, at 97-98.

**Further**, regarding the Appellate Court's contention that Glenn Herbert Johnson invited error, the Appellate Court erroneously states that,

*"Assuming that one would be available, given the defect in the underlying judgment, Harris County did not pursue an affirmative defense that Wali's recovery of his purchase price was barred by limitations. Accordingly, we hold that Wali's claim is not barred. See:Tex.R.Civ.P.94."*

Petitioner argues that it is apparent from the face of the record that Harris County did, in fact set forth an affirmative defense in Defendant's 1st Amended Answer, filed on October 25, 2013, that Wali was barred by limitations.

**See:** Defendant's 1st Amended Answer (attached)

**WHEREFORE PREMISES CONSIDERED,** Petitioner respectfully requests this Court to grant review in this case and, upon review, **reverse the decision by the Trial Court and the 1st Court of Appeals that Hashmet Wali should receive a refund of purchase monies and find that the Joint Motion filed by Respondents did not meet the requirement of Section 33.56(b) of the Texas Property Tax Code nor Rule 21(d) of the Texas Rules of Civil Procedure, and therefore Hashmet Wali did not qualify for a refund of purchase monies.**

Further, **that Glenn Herbert Johnson, having filed a timely Motion for Excess Proceeds should receive the excess proceeds.**

Respectfully submitted,

Glenn <u>Herbert</u> Johnson,
Petitioner, Pro Se
8926 Daffodil Street
Houston, Texas 77063
Email: *Prairie_View_Grad@yahoo.com*

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the **1st Amended PETITION FOR REVIEW** was, on this 15th day of September 2015, forwarded to the persons listed below by email transmission:

**Edward James Nicholas** of Linebarger Goggan Blair & Sampson, LLP,
4828 Loop Central Drive, Suite 600
Houston, Texas 77081.
Email: *Nick.Nicholas@lgbs.com*
Counsel for: **HARRIS COUNTY, ET AL**

**Emily King Watkins** of LINEBARGER GOGGAN BLAIR & SAMPSON, LLP,
4828 Loop Central Drive, Suite 600
Houston, Texas 77081.
Email: *Emily.Watkins@lgbs.com*
Counsel for: **HARRIS COUNTY, ET AL**

**Anthony Wayne Nims** of LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, 4828 Loop Central Drive, Suite 600
Houston, Texas 77081.
Email: *Tony.Nims@lgbs.com*
Counsel for: **HARRIS COUNTY, ET AL**

**M. Ali Zakaria** of M. ALI ZAKARIA & ASSOCIATES, PC,
6161 Savoy Drive, Suite 1000
Houston, Texas 77036
Email: *Ali@Zakarialaw.com*
Counsel for: **HASHMET WALI**

**Certified by:**

*Glenn Herbert Johnson*