**REVERSE and RENDER in part; REMAND and Opinion Filed June 22, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00545-CV**

**MAJGEK PARTNERS, LLC, Appellant**
**V.**
**MO AND ASSOCIATE, LLC AND JIMMY AND SUSAN MONTGOMERY,**
**Appellees**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-00310-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

In this appeal from a summary judgment, Majgek Partners, LLC ("Majgek")

contends the trial court erred in concluding it did not meet its burden to sustain a bill

of review. Because the undisputed facts show that Majgek was never served with

process in the underlying suit, we reverse the trial court's judgment, render summary

judgment in favor of Majgek on the issue of entitlement to bring a bill of review,

and remand the case for further proceedings.

## Background

The following facts, as found by the trial court, are undisputed. Majgek is a Texas limited liability company. On September 16, 2015, the Collin County taxing authorities filed suit against Majgek seeking to recover delinquent property taxes, penalties, and interest. Citation was issued and sent by mail to Majgek's registered agent for service. At that time, Majgek's registered agent was no longer at the address listed with the Texas Secretary of State. The envelope containing the citation and petition was subsequently returned marked "Not Deliverable as Addressed, Unable to Forward."

The taxing authorities did not serve the Texas Secretary of State as Majgek's deemed agent for service. Nor did they seek to serve Majgek through citation by publication. Instead, the authorities requested service on Majgek through citation by posting pursuant to Texas Rule of Civil Procedure 177a. The affidavit filed in support of service by posting failed to state either that the requirements for due diligence had been met, or that citation by publication was too expensive. Despite this, the citation was posted in the Collin County courthouse on June 10, 2016.

On April 5, 2017, judgment was rendered against Majgek without Majgek having answered or appeared. Six months later, the real property that was the subject of the tax suit was sold by a Collin County constable to Mo and Associate, LLC ("Mo"). The same property was later sold by Mo to Jimmy and Susan Montgomery.

On January 17, 2019, Majgek filed this suit for equitable bill of review seeking to regain possession of the property and quiet title. Mo and the Montgomerys answered and filed motions for traditional summary judgment contending Majgek could not bring a bill of review because it "was not free from fault or negligence in letting judgment be taken." Majgek responded and filed a cross-motion for summary judgment arguing the evidence showed it was never served with process, which negated the element of negligence as a matter of law.

On March 31, 2021, the trial court issued a "Memorandum Opinion on Cross-Motions for Summary Judgment." In the opinion, the court held the affidavit in support of citation by posting was deficient on its face. The court further held that Majgek was never served with process and the "minimum requirements of due process did not occur." The court went on to conclude, however, that Majgek could not sustain its bill of review because it was negligent in failing to update the address for its registered agent for service of process with the Texas Secretary of State. Accordingly, the trial court granted the motions for summary judgment filed by Mo and the Montgomerys, and denied Majgek's motion for summary judgment. This appeal followed.

**Analysis**

In its first two issues, Majgek contends the trial court erred in denying its motion for summary judgment, and in granting summary judgment in favor of Mo and the Montgomerys, on the basis that Majgek failed to show it was not at fault or

negligent in connection with the tax judgment rendered against it. Majgek argues the undisputed evidence showing it was never served with process, and that it did not appear in the underlying suit, was sufficient to sustain its burden as a matter of law. We agree.

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). To prevail on a traditional motion for summary judgment, the movant must show there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *Id*. When competing motions for summary judgment are filed, and the trial court grants one motion and denies the other, we determine all issues presented and render the judgment the trial court should have rendered. *Id.*

In this case, the pivotal issue addressed by both motions for summary judgment is the applicability of the Texas Supreme Court's opinion in *Caldwell v. Barnes*, 154 S.W.3d 93 (Tex. 2004) ("*Caldwell II")*. In *Caldwell II*, the supreme court discussed the burden of proof for bill of review plaintiffs alleging non-service. A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or direct appeal. *Id*. at 96. Generally, a bill of review plaintiff must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which it was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Id*.

—4—

A bill of review plaintiff alleging non-service is relieved of the burden of making a showing on the first two elements. *Id.* at 96–97.

As for the third element, conclusive proof that there was no service of process will establish that the judgment being challenged was rendered without any fault or negligence on the part of the plaintiff. *Id*. at 97. This is because "[a]n individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered." *Id.*

In its memorandum opinion, the trial court in this case focused on the supreme court's use of the word "individual" in the sentence quoted above to conclude that *Caldwell II* did not apply to entities that are required to maintain registered agents for service of process with the secretary of state. The court reasoned that, because individuals have no legal obligation to provide an address for service of process, entities could be negligent in a way that individuals could not. The flaw in this reasoning is that the real issue with non-service is not an absence of negligence, but an absence of jurisdiction. *See Mitchell v. MAP Res., Inc.*, 21-0124, 2022 WL 1509745, at *9–10 (Tex. May 13, 2022); *see also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

The reason a defendant cannot be negligent when it has not been served with process is that, absent service, waiver of service, or citation, the jurisdiction of the trial court has not been invoked and the defendant has no duty to act. *See Caldwell II*, 154 S.W.3d at 97 n. 1; *Wilson*, 800 S.W.2d. at 837. The jurisdiction of the trial

–5–

court to render judgment is dependent upon citation issued and served in a manner provided by law. *Wilson*, 800 S.W.2d. at 836. "A complete failure of service deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is void and may be challenged at any time." *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012); *see also Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.) (when attempted service is invalid, trial court acquires no personal jurisdiction over defendant and default judgment is void).

The requirement of invoking jurisdiction through valid service is as applicable to entities as it is to individuals. *See U.S. Bank Nat'l Ass'n v. Moss*, 644 S.W.3d 130, 137 (Tex. 2022); *Lytle*, 261 S.W.3d at 840–41. This Court and others have applied *Caldwell II* to entities that are required to maintain registered agents for service of process. *See, e.g., Bank of N.Y. Mellon v. FFGGP, Inc.*, No. 05-20-00384-CV, 2022 WL 732079, at *2 (Tex. App.—Dallas March 11, 2022, no pet.) (mem. op.). Because the undisputed evidence shows Majgek was never served with process, we conclude it showed its entitlement to bring a bill of review as a matter of law.

Based on the foregoing, we reverse the trial court's judgment, grant Majgek's motion for summary judgment on the issue of entitlement to bring a bill of review, and remand the case for further proceedings.

Because of our resolution of Majgek's first two issues, we need not address its remaining issues.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210545F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAJGEK PARTNERS, LLC,
Appellant

No. 05-21-00545-CV     V.

MO AND ASSOCIATES, LLC AND
JIMMY AND SUSAN
MONTGOMERY, Appellees

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-00310-
2019.
Opinion delivered by Justice
Reichek. Justices Molberg and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

Majgek Partners, LLC's motion for summary judgment on the issue of entitlement to bring a bill of review is **GRANTED**.

We **REMAND** the case to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant MAJGEK PARTNERS, LLC recover its costs of this appeal from appellees MO AND ASSOCIATES, LLC AND JIMMY AND SUSAN MONTGOMERY.

Judgment entered June 22, 2022