Tu NGUYEN, Appellant

v.

BANK OF AMERICA, N.A., Appellee

NO. 01–15–00587–CV

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued November 29, 2016

Rehearing Overruled January 31, 2017

Tu Nguyen, Houston, TX, pro se.

Randall B. Clark, McGuirewoods LLP, Houston, TX, for Bank of America, N.A.

Panel consists of Justices Bland, Massengale, and Lloyd.

## OPINION

Russell Lloyd, Justice

Appellant, Tu Nguyen, appeals the trial court's rendition of summary judgment granting appellee, Bank of America, N.A.'s, bill of review to vacate a judicial finding of fact. In two issues, appellant argues that (1) the trial court erred because appellee failed to establish a prima facie case for its bill of review, and (2) the trial court abused its discretion by acting without reference to any guiding rules or principles. We affirm.

### Background

In 2007, appellant executed a promissory note to secure a deed of trust on a property located at 3310 N. Braeswood, Houston, Texas 77025. After appellant defaulted on the note, appellee scheduled a foreclosure sale. Appellant filed suit in state court to stop foreclosure on the Braeswood property. The case was removed to federal court, and eventually was dismissed.

Prior to the dismissal in federal court, appellant filed a motion to remand, which had as an exhibit a judicial finding issued by a Harris County district court on November 15, 2013 (judicial finding). The trial court issued the judicial finding in response to a motion for judicial review filed by appellant, in which appellant argued that appellee's deed of trust was fraudulent pursuant to Texas Government Code section 51.903. *See* TEX. GOV'T CODE ANN. § 51.903 (West 2013). Appellee asserts that it was never served with either the motion for judicial review or the court's finding until it received the motion to remand.

In the judicial finding, the state district court found that the deed of trust secured by appellant's promissory note did not create a valid lien or claim under Texas Gov-

ernment Code section 51.903. *See id.* After it became aware of the finding, appellee filed a petition for bill of review to vacate the judicial finding. *See* TEX. R. CIV. P. 329b(f). Appellee then filed a hybrid no-evidence and traditional motion for summary judgment on the bill of review, which the trial court granted in favor of appellee.

Appellee asserts it had to file a bill of review because it did not know about the motion for judicial review of its deed or the judicial finding until the judicial finding was attached to appellant's motion to remand, and by then, the deadline to file a motion for new trial or appeal of the judicial finding had passed. *See* TEX. R. APP. P. 26.1; TEX. R. CIV. P. 329b. Appellant conversely asserts that he served notice of the determinative hearing and resulting judgment on appellee via Federal Express and that appellee signed for both. *See* TEX. R. CIV. P. 21a. This appeal followed.

## A. Standards of Review

### 1. Summary Judgment

■ We review a summary judgment de novo. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 312 (Tex. 2014) (quoting *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009)). In a traditional motion for summary judgment, a defendant who states specific grounds and conclusively negates at least one essential element of an identified cause of action is entitled to summary judgment. *Id.*; *see* TEX. R. CIV. P. 166a(c). A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict: the party without the burden of proof contends that no evidence supports one or more essential elements of the nonmovant's claim. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *see* TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant raises a genuine issue of material fact on each chal-

lenged element. *Boerjan*, 436 S.W.3d at 310 (citing *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam)).

We review the summary-judgment evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.* at 311 (quoting *Timpte Indus.*, 286 S.W.3d at 310).

### 2. Bill of Review

■ A bill of review is an equitable proceeding to set aside a prior judgment that no longer can be challenged by a motion for a new trial or by direct appeal. *Caldwell v. Barnes (Caldwell I)*, 975 S.W.2d 535, 537 (Tex. 1998). The Texas Rules of Civil Procedure require "sufficient cause" to set aside a judgment based on a bill of review, but sufficient cause is not statutorily defined. *See* TEX. R. CIV. P. 329b(f); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979).

■ To show sufficient cause for a bill of review, a plaintiff must ordinarily plead and prove that he has a meritorious defense to the claim but was prevented from presenting his defense by the fraud, accident, or wrongful act of his opponent, or by official mistake, unmixed with any fault or negligence of his own. *Caldwell v. Barnes (Caldwell II)*, 154 S.W.3d 93, 96 (Tex. 2004); *Baker*, 582 S.W.2d at 406–07 (listing ordinary requirements to show sufficient cause for bill of review). However, when a bill of review plaintiff claims he or she was not served in the underlying proceeding, he or she must only prove his or her own fault or negligence was not a contributing factor to the absence of timely challenge. *Caldwell II*, 154 S.W.3d at 96–97. This factor is conclusively established by proof of non-service because "[a]n individual who is not served with process cannot be at fault or negligent in allowing a

default judgment to be rendered." *Id.* at 97; *see Caldwell I*, 975 S.W.2d at 537.

## B. Analysis

Appellee argues, in its petition for bill of review and motion for summary judgment, that appellant's motion for judicial review exceeded the scope of section 51.903 and was actually a motion for declaratory judgment. *See* Tex. Gov't Code Ann. § 51.903; *Becker v. Tropic Isles Ass'n*, No. 13-08-00559-CV, 2010 WL 877569, at *2-3 (Tex. App.-Corpus Christi Mar. 11, 2010, pet. denied) (mem. op.). Therefore, appellee contends appellant was required to serve the motion under the due process clause. *See id.* In response, appellant argues that the *Becker* case appellee predominantly relies upon for its argument is distinguishable on the facts, and therefore, service was not required.

Additionally, appellee filed notice of supplemental authority, wherein the Fourteenth Court of Appeals affirmed a summary judgment on substantially the same issues between these parties on a different piece of property in Galveston. *Nguyen v. Bank of Am., N.A.*, No. 14-15-00290-CV, 2016 WL 2343893, at *2 (Tex. App.-Houston [14th Dist.] May 3, 2016, no pet. h.) (mem. op.) (adopting *Becker*). Also, we note the parties' briefs are remarkably similar to the current proceeding.

### 1. Summary Judgment Was Proper

In appellant's first issue, he contends summary judgment was improper because appellee did not establish lack of proper service and its own diligence in setting the judgment aside to present a prima facie case.

### (a) Because Appellant's Motion Involves a Substantive Evidentiary Claim, the Motion Required Service of Process

Appellant first argues he was not required to serve appellee because a section 51.903 proceeding only requires notice of the judgment. *See* Tex. Gov't Code Ann. § 51.903(c), (e) ("The court's review may be made ex parte without delay or notice of any kind."). Thus, as a threshold matter, we must decide whether appellant's motion was a section 51.903 motion that did not require service, or the motion was a declaratory action which required service.

A section 51.903 inquiry is limited to whether the document is fraudulent, and may not decide the underlying rights of parties or substantive evidentiary claims. *See Nguyen*, 2016 WL 2343893, at *3; *David Powers Homes, Inc. v. M.L. Rendleman Co.*, 355 S.W.3d 327, 339 (Tex. App.-Houston [1st Dist.] 2011, no pet.) (substantive evidentiary claims). Trial courts focus on whether the document was not (1) provided for by statute, (2) created by implied or express consent or agreement, (3) an equitable, constructive, or judicially imposed lien, or (4) asserted against real or personal property. *See* Tex. Gov't Code Ann. § 51.903; *Cardenas v. Wilson*, 428 S.W.3d 130, 132 (Tex. App.-Houston [1st Dist.] 2014, no pet.) (noting that 51.903 inquiry into mechanic's lien determines only that mechanic's lien is provided by Texas law, not whether the underlying mechanic's lien was valid).

If the motion requires greater inquiry, then it is a motion for declaratory judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2015); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it."); *Nguyen*, 2016 WL 2343893, at *2 (citing *Becker*, 2010 WL 877569, at *2-3 (holding motion requesting more relief than section 51.903 provides was motion for declaratory judgment)). A motion for

declaratory judgment must be served on all parties. TEX. R. CIV. P. 21; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a) (West 2015); *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 84, 108 S.Ct. 896, 898, 99 L.Ed.2d 75 (1988) (due process requires reasonably calculated notice).

■■■ Appellant argues in his motion for judicial review: the deed was obtained by fraud because appellee was not the current legal owner of the note securing the deed of trust.[1] More specifically, he says, appellee "(1) is NO LONGER a loan servicer, (2) is NOT the current owner[,] and (3) was NOT the original owner." An inquiry into ownership of a document, or the underlying obligations memorialized in the document, is a substantive evidentiary claim, undeterminable by review of the document alone. *David Powers,* 355 S.W.3d at 339; *see In re Tu Nguyen,* 456 S.W.3d 673, 676 (Tex. App.–Houston [14th Dist.] 2015, no pet.) (determining whether signature was appellant's was substantive evidentiary claim in similar case involving same parties concerning other property). Appellant's motion exceeded the scope of section 51.903. *David Powers,* 355 S.W.3d at 339.

■■■ There is a distinction between a summary examination of a facially invalid document as contemplated by the statute and an evaluation of the underlying rights and substantive evidentiary issues involving an encumbrance on real property. The purpose of the statute is "to quickly identify and remove liens and encumbrances that are on their face patently without basis in recognized law[,]" and not to summarily dispose of legitimate claims. *Id.* at 338. The law was aimed at organizations and individuals harassing officials and oth-

ers by clogging the court system with fraudulent liens and forcing the targets to spend time and money clearing title to their property. *Id.*; *e.g., In re Purported Lien or Claim against Taylor,* 219 S.W.3d 620, 622 (Tex. App.–Dallas 2007, pet. denied) (where individual improperly sought lien against county clerk for clerk's record preparation fee). Section 51.903 inquiries do not require the presence of the challenged party or introduction of evidence that would be necessary for a court to make a substantive evidentiary ruling, but such a substantive ruling is what appellant sought here. *See David Powers,* 355 S.W.3d at 339. In this motion, as in the recent case in the Fourteenth Court of Appeals, appellant made "no valid argument that the deed was fraudulent on its face, and the relief he requested was based on substantive evidentiary claims clearly outside the realm of section 51.903." *Nguyen,* 2016 WL 2343893, at *4 (citing *Becker,* 2010 WL 877569, at *2–4). Because appellant's motion asked the court to determine the validity of a deed of trust based on a substantive evidentiary challenge, his motion for judicial review was actually a motion for declaratory judgment necessitating service on the opposing party. *See* TEX. GOV'T CODE ANN. § 51.903; *Nguyen,* 2016 WL 2343893, at *4.

### (b) There Was No Service of the Motion

When a defendant seeks a bill of review of a default judgment for non-service, a defendant is only required to show he or she was not served with process as a result of any fault or negligence of his or her own. *Caldwell II,* 154 S.W.3d at 97 & 97 n.1.

*Nguyen v. Bank of Am., N.A.,* No. 14–15–00290–CV, 2016 WL 2343893, at *4 (Tex. App.–Houston [14th Dist.] May 3, 2016, no pet. h.) (mem. op.).

---

1. Appellant asserted this same ground in the supplement authority provided by appellee, but the Fourteenth Court held that this ground was a substantive evidentiary claim.

■■■■■ Appellant asserts that appellee received service. Appellant sent both notice of the judicial determination hearing and the resulting judgment to appellee by Federal Express. However, "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Moreover, "[r]eceiving suit papers or actual notice through a procedure not authorized for service is treated the same as never receiving them." *Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 574 n.1 (Tex. 2006) (per curiam). Therefore, in neither this case nor the nearly identical case before the Fourteenth Court was notice of the hearing or notice of the judgment, sent by Federal Express, a substitute for proper service.[2] *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274–75 (Tex. 2012) (distinguishing between non-service and technical defects in service); *Nguyen*, 2016 WL 2343893, at *5 (holding that notice of judgment was insufficient).

Because the summary judgment evidence shows appellant's motion required service, and appellee was not served, all of the elements for a bill of review based on non-service of process have been met. *See Caldwell II*, 154 S.W.3d at 96–97. Whether or not appellee received notice after the judgment is immaterial. *See Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 796–98 (Tex. 2006) (per curiam). Accordingly, we hold that appellee established its right to summary judgment as a matter of law. We overrule appellant's first issue.

### 2. The Trial Court Did not Abuse Its Discretion

In his second issue, appellant contends the trial court abused its discretion by granting summary judgment arbitrarily, unreasonably, and without regard for any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Under the abuse of discretion standard, we review a trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

Having reviewed the trial court's grant of summary judgment de novo, as set forth above, we hold the court did not act arbitrarily because appellee's right to summary judgment was supported by fact and law. We overrule appellant's second issue.

### Conclusion

We affirm the trial court's judgment. All pending motions are denied as moot.

Justice Massengale, concurring in the judgment.

Michael Massengale, Justice, concurring

I concur solely in the judgment, purely as an application of summary-judgment procedure. The legal arguments presented by appellant Tu Nguyen, a self-represented litigant, do not justify reversal of the equitable relief granted by the trial court, vacating a "judicial finding" that had been granted, erroneously, pursuant to Government Code Section 51.903. Because I disagree with the court's analysis, I write separately in an attempt to clarify the unusual procedural circumstances of this appeal.

### I.

For our purposes, the story of this dispute began with Nguyen's application for

---

**2.** Additionally, the judicial finding of fact states, "there was no notice of the court's review ...."

judicial review of the bank's mortgage lien. Nguyen invoked a statutory procedure for an ex parte judicial review of his allegation that a fraudulent lien had been filed against his real property. *See* TEX. GOV'T CODE § 51.903. The statute does not require any form of advance notice to the holder of the purported lien, *id.* § 51.903(c), and in this case the bank received no notice of Nguyen's motion.

Representing himself, Nguyen filed a document entitled "Amended Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim." The first paragraph of this filing stated that the motion was filed "pursuant to Texas Statutes—Section 51.903." The motion then proceeded to mirror substantially a statutory "suggested form" of motion. *Id.* § 51.903(a). Nguyen's motion supplemented the statutory form by inserting additional text between sections IV and V of the form. There, Nguyen inserted three sections entitled "Factual Background," "The Law," and "Application of the Texas Government Code Ann. § 51.903 and Authorities." In the "Law" section, Nguyen quoted large sections of Section 51.903, including the following sentences and language emphasized with boldface and italics: "The *court's finding may be made solely on a review of the documentation or instrument, attached to the motion* and *without hearing any testimonial evidence.* The court's review *may be made ex parte without delay or notice of any kind.*" (Emphasis in original, quoting TEX. GOV'T CODE § 51.903(c).) The "Application" section referenced attached documentation to support allegations that the bank was "NOT the original owner" of the deed of trust, "NOT the current owner," and "NO LONGER the loan servicer."

The attached documents, however, were not the challenged lien documentation contemplated by the statutory form motion.

Nguyen slightly, but meaningfully, deviated from section II of the suggested form, which states:

On (date), in the exercise of the county clerk's official duties as County Clerk of (county name) County, Texas, *the county clerk received and filed and recorded the documentation or instrument attached hereto* and containing (number) pages. Said documentation or instrument purports to have created a lien on real or personal property or an interest in real or personal property against one (name of purported debtor).

TEX. GOV'T CODE § 51.903(a) (emphasis supplied). Nguyen instead referenced by file number the challenged "documentation or instrument" that was "received and filed" by the county clerk, and he deleted the reference to that same documentation being "attached hereto." This is a material alteration because section III, which Nguyen quoted verbatim from the statutory form, alleged that the attached "documentation or instrument ... is fraudulent." Rather than attaching the documents filed with the county clerk, as contemplated by section II of the form motion, Nguyen attached other documents upon which he attempted to rely to suggest the bank's lien was fraudulent.

Consistent with the statutory form, the motion stated: "Movant does not request the court to make a finding as to any underlying claim of the parties involved and acknowledges that this motion does not seek to invalidate a legitimate lien." *Id.* The motion's prayer for relief was precisely the same prayer suggested by the statutory form: "Movant requests the court to review the attached documentation or instrument and enter an order determining whether it should be accorded lien status, together with such other orders as the court deems appropriate." *Id.*

The trial court granted Nguyen's requested relief in the precise form specified by the statute he repeatedly invoked. *See id.* § 51.903(g). In particular, consistent with Nguyen's motion and the statute, the trial court's "Judicial Finding of Fact and Conclusion of Law" stated: "This court makes no finding as to any underlying claims of the parties involved, and expressly limits its finding of fact and conclusion of law to the review of a ministerial act." *Id.* The form and substance of the judicial finding distinguishes the facts of this case from *Becker v. Tropic Isles Ass'n,* No. 13–08–0559–CV, 2010 WL 877569 (Tex. App.–Corpus Christi Mar. 11, 2010, pet. denied) (mem. op.). In *Becker,* the Corpus Christi court observed that the trial court did more than determine whether the documents attached to the Section 51.903 motion were fraudulent; the trial court declared that the lienholder "did not exist" and ruled that a contract had expired. 2010 WL 877569, at *3. On that basis the court concluded the trial court went beyond making a Section 51.903 judicial finding and instead entered a declaratory judgment. *See id.*

## II.

The bank filed an original petition for bill of review, seeking to vacate the judicial finding. Cross-motions for summary judgment were filed, and the trial court entered final summary judgment in favor of the bank, decreeing that the previously issued judicial finding was "voided and vacated."

This is Nguyen's appeal from the summary judgment granted in the bill of review proceeding.

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes,* 975 S.W.2d

535, 537 (Tex. 1998). Ordinarily, a person must exercise due diligence to avail himself of all adequate legal remedies "against a former judgment" before filing a bill of review. *Id.* Thus, to show sufficient cause for a bill of review, a plaintiff ordinarily must plead and prove not only that it has a meritorious defense, but that it was prevented from presenting the defense. *See Caldwell v. Barnes,* 154 S.W.3d 93, 96 (Tex. 2004).

The procedural anomaly of this case is that there was no "judgment" impairing the bank's interest in the property, and ordinary legal remedies were available to relieve the bank of the effect of the judicial finding entered by the trial court. Unlike a default-judgment scenario, the "judicial finding" was still subject to challenge. The bank was not prevented from presenting its defense. It still could have foreclosed on the property after Nguyen defaulted on the loan. Or the bank could have sought a declaration of its rights with respect to the property. *See* TEX. CIV. PRAC. & REM. CODE § 37.003. Legal remedies were available, and therefore the equitable remedy of a bill of review was unnecessary and unwarranted.

## III.

The court's application of the bill of review framework rests on the mistaken premise that–like the *Becker* case—Nguyen's motion only could be construed as a petition for declaratory judgment, and the trial court's order effectively was a judgment on the merits, rendered without notice to the bank. I disagree with this view of the proceedings.

When dealing with filings by a self-represented litigant like Nguyen, a court must conduct its review with "liberality and patience." *Aguilar v. Stone,* 68 S.W.3d 1, 1 (Tex. App.–Houston [1st Dist.] 1997, no writ); *Johnson v. McAdams,* 781 S.W.2d

451, 452 (Tex. App.–Houston [1st Dist.] 1989, no writ). As outlined above, Nguyen expressly invoked the Section 51.903 procedure, and the trial court applied the Section 51.903 procedure.

Rather than considering the totality of the circumstances relating to the motion and judicial finding, the court isolates fragments of Nguyen's filing which present allegations that are inconsistent with the Section 51.903 procedure he invoked. But if the experienced trial court judge had construed Nguyen's motion as presenting a declaratory judgment petition disguised as a Section 51.903 motion, he surely would have required service of process, and the resulting process ultimately would have resulted in some form of judgment. He didn't do that. Instead, as evidenced by the judicial finding contemplated by Section 51.903 and entered by the trial court, the judge appropriately followed the procedure expressly invoked by Nguyen.

The court invokes *State Bar v. Heard* for the proposition that we "look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." 603 S.W.2d 829, 833 (Tex. 1980). Looking to the substance of Nguyen's plea for relief in this case, which was a verbatim recitation of the prayer suggested by the Section 51.903 form motion, should lead to the conclusion that the filing was a Section 51.903 motion, not a petition for declaratory judgment.

The court also suggests the similarity of this appeal to *Nguyen v. Bank of America, N.A.*, in which the Fourteenth Court of Appeals affirmed a bill of review granted in a similar dispute between these same parties. No. 14–15–00290–CV, 2016 WL 2343893 (Tex. App.–Houston [14th Dist.] May 3, 2016, no pet.). I am not persuaded by that opinion, which focused solely on the "substantive evidentiary" claims included in the motion to characterize the judicial finding as a declaratory judgment, without addressing the fact that the judicial finding at issue did not purport to grant relief beyond the scope of Section 51.903. *See* 2016 WL 2343893, at *4. The Fourteenth Court found *Becker* analogous without addressing the key difference of that case, that the trial court had purported to decide issues beyond the scope of Section 51.903. The distinction is critical, and I do not agree that we should mirror the Fourteenth Court's reasoning. *See generally* Bryan A. Garner et al., *The Law of Judicial Precedent* 169–70 (2016) (explaining some reasons why courts might take "the road less traveled" and "decline to follow the decision of another court").

Simply put, I would not contort the substance of Nguyen's Section 51.903 motion to force this case into the inapplicable bill of review framework.

### IV.

Because this was not an appropriate case for the equitable bill of review remedy, it is incorrect to say that summary judgment was correctly granted in this case. And there is no reason to say that. It's enough to say that Nguyen failed to present a legally correct argument, either in the trial court or on appeal. *See* Tex. R. Civ. P. 166a(c); Tex. R. App. P. 38.1(i). Accordingly, I respectfully concur only in the judgment of affirmance.

Justice Massengale, concurring in the judgment.