**Opinion issued December 22, 2022**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

## NO. 01-21-00421-CV

————————————

**LEROY GREER, Appellant**

**V.**

**RUSHMORE LOAN MANAGEMENT SERVICESAND J.P. MORGAN CHASE AQUISITION SERVICES, Appellees**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 20-DCV-272813**

---

## MEMORANDUM OPINION

In this post-foreclosure lawsuit, appellant Leroy Greer filed a petition seeking to prevent appellees Rushmore Loan Management Services (Rushmore) and J.P. Morgan Chase Acquisition Services (Chase) (collectively, Appellees) from evicting him and alleging that Appellees breached the terms of the Deed of

Trust, committed fraud, and illegally converted Greer's property. Appellees moved for no-evidence and traditional summary judgment, which the trial court granted, dismissing all of Greer's claims. Greer now appeals, arguing in his sole issue that the trial court erroneously granted summary judgment because the evidence in the record establishes a genuine issue of material fact for all his claims. Because Greer failed to present any evidence raising a fact issue on essential elements of each of his claims, we conclude that the trial court properly granted Appellees' motion for summary judgment. We affirm.

## Background

Greer executed a promissory note (the Note) with Appellee Chase in the amount of $392,329.00 to obtain a loan to build his home at 8306 Kelsey Pass in Missouri City, Texas (the Property). At the same time, Greer executed a Deed of Trust that secured the mortgage by granting a security interest in the Property to Chase. Chase contracted with Appellee Rushmore to manage the loan associated with Greer and the Property. Greer was required to make monthly payments to Appellees until the principal amount of the Note was paid off. If he failed to do so, Greer would default on the loan for failing to tender payments according to the payment schedule laid out in the Note.

Greer was incarcerated in June 2015 and subsequently defaulted on the loan. Appellees sent the most recent notice of default on September 21, 2016. As the

Deed of Trust required, Appellees provided Greer with at least thirty days to cure the default. After Greer failed to bring his loan current, Appellees sent Greer a notice of acceleration on March 15, 2017.

After he was released from prison in September 2019, Greer attempted to get the loan current. Appellees instructed Greer to file for a loan modification. On January 28, 2020, Appellees notified Greer by letter that the loan modification package he had sent was incomplete. The letter gave him thirty days to supplement the incomplete package.

Greer claims that, on February 1, 2020, he supplemented the loan modification application by sending a letter with the missing documents attached. However, the record does not contain any of the attached documents themselves, nor did Greer's letter or other affidavit describe the documents purportedly sent by Greer. The record contains only Greer's one-page letter that states "17 pages" of necessary documents were attached.

On February 7, 2020, Appellees sent Greer a foreclosure notice informing him that the Property would be sold at a foreclosure sale on March 3, 2020. On February 11, 2020, the notice of sale was filed with the Fort Bend County Clerk's office. On February 28, 2020, Appellees notified Greer that they were closing his loan modification file because it was incomplete and had not been supplemented

properly within the given thirty days. On March 3, 2020, the Property was sold to the highest bidder, Appellees.

On April 8, 2020, Greer filed this petition alleging that Appellees breached the Deed of Trust, that Greer had performed all conditions precedent under the Deed of Trust, that Appellees had committed fraud, and that Appellees committed conversion of the Property by selling it in a foreclosure sale. Greer also requested a temporary restraining order against Appellees to prevent them from forcibly entering the home after the foreclosure sale. The trial court ultimately denied this request.

Appellees moved for no-evidence and traditional summary judgment. They contended that Greer had produced no evidence in support of his various claims. Specifically, Appellees argued that Greer cannot produce any evidence that Appellees breached the terms of the Deed of Trust or otherwise failed to comply with the applicable law in foreclosing on the Property. They also argued that Greer presented no evidence of one or more essential elements of his fraud and conversion claims. In the alternative, Appellees maintained that the summary judgment evidence produced by both parties established that there was no genuine issue of material fact as to any of Greer's claims.

Greer responded by filing summary judgment evidence, including his own affidavit, a copy of all correspondence between Greer and Appellees, and Greer's

response letter to Appellees to complete his loan modification request. He argued in his response that this evidence established the elements of his breach of contract and conversion claims. Additionally, Greer contended that the summary judgment evidence shows that Appellees had no intention of granting Greer a loan modification, establishing the elements of his fraud claim.

The trial court granted Appellees' summary judgment without specifying the grounds for granting the motion. Greer timely filed a notice of appeal.

## Summary Judgment

In his sole issue, Greer challenges the trial court's order granting summary judgment in favor of Appellees on each of his three causes of action. Specifically, Greer argues that he raised a fact issue that Appellees breached the Deed of Trust by failing to provide notice of default and notice of foreclosure during the loan modification process. Greer also argues that Appellees committed fraud by falsely representing that they would review his loan modification request. Lastly, Greer asserts that because the Appellees failed to provide proper notice, Appellees committed conversion of his property when Appellees foreclosed on the Property.

### A. Standard of Review

We review a trial court's summary judgment ruling de novo. *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 583 (Tex. 2015). When the movant has combined a traditional and no-evidence summary judgment into one motion, we start by

reviewing the trial court's summary judgment ruling under the no-evidence standard of Texas Rules of Civil Procedure 166a(i). *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39,45 (Tex. 2017); *see Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

A party may move for summary judgment on the basis that there is no evidence of one or more essential elements of a claim on which the adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The non-movant must produce at least a scintilla of evidence raising a genuine issue of material fact as to the challenged elements in order to defeat a no-evidence motion for summary judgment. *Lightning Oil Co.*, 520 S.W.3d at 45; *Nguyen v. Bank of America, N.A.*, 506 S.W.3d 620, 623 (Tex. App.—Houston [1st Dist.] Nov. 29, 2016, pet. denied). More than a scintilla of evidence exists if the evidence allows reasonable people to differ in their conclusions. *Ridgway*, 135 S.W.3d at 601. We view the evidence in the light most favorable to the non-movant and make all reasonable inferences in favor of the non-movant. *Lightning Oil Co.*, 520 S.W.3d at 45.

A party moving for traditional summary judgment bears the burden of proving that no genuine issues of material fact exist on at least one essential element of the cause of action asserted and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lightning Oil Co.*, 520 S.W.3d at 45. There are no genuine issues of material fact when reasonable people could not differ in

6

their conclusions drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant meets its burden, the burden then shifts to the non-movant to raise a fact issue precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).

When the trial court's summary judgment order does not state the grounds on which it was granted, the appealing party must demonstrate that none of the proposed grounds are sufficient to support the judgment. *Sanchez v. Precision Drilling Co., LP*, No. 01-17-00913-CV, 2019 WL 6570064, at *2 (Tex. App.—Houston [1st Dist.] Dec. 5, 2019, no pet.) (mem. op.). We will affirm a summary judgment ruling if any of the grounds asserted in the motions are meritorious. *Lightning Oil Co.*, 520 S.W.3d at 45.

### B.  Analysis

Greer generally argues that he produced more than a scintilla of evidence on all elements of each of his three claims against Appellees, precluding summary judgment. After reviewing the record, we conclude that Greer failed to meet his summary-judgment burden of raising a fact issue on the essential elements of his claims for breach of contract, fraud, and conversion.

## 1. Breach of Contract

Appellees moved for summary judgment on Greer's breach of contract claim. Greer asserts that Appellees breached the terms of the Deed of Trust[1] by failing to provide proper notices of default, acceleration, and foreclosure. Greer contends that Appellees breached the contract "when they had the Plaintiff relying on their promises of modifying the mortgage loan and not accepting the payments he was trying to make to keep his loan current." Greer also adds that he was "never sent notice of foreclosure . . . while they were attempting to modify his loan." Greer argues that because he was engaged in the loan modification process with Appellees, they should have sent him a new notice of foreclosure when his modification request was denied.

The elements of a breach of contract claim are (1) the existence of a valid contract between the parties; (2) the plaintiff either tendered performance or was excused; (3) the defendant breached the terms of the contract; and (4) the plaintiff suffered damages due to the defendant's breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

---

[1] Although Greer made arguments about the conditions precedent at trial, on appeal, he makes only a passing mention of his right to relief based on his satisfaction of conditions precedent. He does not provide analysis or authority indicating how his purported satisfaction of conditions precedent entitled him to relief or otherwise precludes summary judgment on his breach of contract claim. We hold that Greer waived any such arguments by failing to adequately brief them. *See* TEX. R. APP. P. 38.1(i).

The Deed of Trust provides that "[a]ny notice to Borrower [Greer] in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail" to the "Property Address" identified in the Deed of Trust. The Deed of Trust further requires the lender to "give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument." Among other things, the notice must inform the Borrower of the right to cure the default and provide "a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured." The Deed of Trust provides that, "[i]f the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law." Finally, the Deed of Trust states that, if the Lender invokes the power of sale, it shall give notice "at least 21 days prior to the sale as provided by Applicable Law."

Texas Property Code section 51.002(d) requires that the mortgagor "serve a debtor in default under a deed of trust . . . with written notice . . . and [give] the debtor at least 20 days to cure the default before notice of sale can be given." TEX. PROP. CODE § 51.002(d). Under this section, service is complete when "by certified mail . . . the notice is deposited in the United States mail, postage prepaid and

9

addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e).

In their motion for summary judgment, Appellees argued that Greer provided no evidence that Appellees breached any terms of the Deed of Trust regarding proper notice of default, acceleration, and foreclosure. They assert that it is uncontested that Greer was in default under the terms of the Deed of Trust for failure to make the required payments. The Deed of Trust required Appellees to send Greer notice that he was in default and provide at least thirty days for him to cure the default. After that time passed, Appellees were entitled under the Deed of Trust to accelerate the loan, and they were required to provide at least twenty-one days' notice prior to exercising their contractual power of sale.

Appellees provided summary judgment evidence showing that they complied with these terms of the Deed of Trust. They provided uncontroverted evidence that Greer defaulted on his payments. On September 21, 2016, Appellees sent notice by certified mail that stated Greer had defaulted on the loan and gave Greer thirty-five days to cure. Then, several months after the notice of default, on March 15, 2017, Appellees sent notice by certified mail that the Note's maturity date had been accelerated due to Greer's failure to cure. Almost three years later, Appellees sent notice by certified mail of the foreclosure sale on February 7, 2020, which stated that the foreclosure sale would take place more than twenty-one days

10

later, on March 3, 2020. Thus, Appellees provided notice to Greer by giving him notice of default, an opportunity to cure in 2016, and notice of sale in 2020, as required by the Deed of Trust and applicable law.

Greer nevertheless argues that Appellees were required to provide new notices during the loan modification process. Greer does not point to any provision in the Deed of Trust requiring loan modification or providing for different notice procedures while an application for loan modification was pending. Greer does not cite any legal authority supporting his contention that "renewed" notice was required under the circumstances of this case. Rather, the summary-judgment evidence demonstrates that Appellees complied with the relevant notice requirements from the Deed of Trust, and Greer has presented no summary-judgment evidence raising a fact question on the sufficiency of the notices provided by Appellees.

Because Greer has failed to present a scintilla of evidence supporting each element of his breach of contract claim, the trial court properly granted summary judgment in favor of Appellees on this claim.

## 2.    *Fraud*

Greer asserts that he raised more than a scintilla of evidence on his fraud claim[2] by presenting evidence that he provided Appellees with all the necessary paperwork for loan modification and that Appellees led Greer to believe that his loan was in the process of being modified. Greer argues that Appellees made a material representation of fact by telling him he would be considered for a loan modification if he submitted all the required paperwork. Greer alleges that this representation was false because Appellees closed his case file, even though he claims to have submitted all the requested paperwork. Greer claims that Appellees had no intention of granting the loan modification and that he relied on their representation to his detriment.

The elements of a fraud claim are:

(1) the defendant made a false, material representation; (2) the defendant "knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth"; (3) "the defendant intended to induce the plaintiff to act upon the representation"; and (4) the plaintiff justifiably relied on the representation, which caused the plaintiff injury.

*Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019) (citing *JP Morgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018)).

---

[2]    In his petition, Greer alleged fraud, fraudulent inducement, and fraud by nondisclosure. However, his brief on appeal addresses only common law fraud, and so that is the only claim we address on appeal.

In their motion for summary judgment, Appellees claim that Greer has provided no evidence to support any of the required elements, specifically contending that Greer cannot show that Appellees made a false misrepresentation or that he justifiably relied on any such representation. We agree with Appellees that Greer has presented no evidence raising a fact issue on these elements of his fraud claim.

Greer alleged that Appellees represented that they would consider modifying Greer's loan. There is no evidence in the record of any other representations by Appellees to Greer. The summary-judgment record further demonstrates that Appellees reviewed Greer's application for loan modification, and on January 28, 2020, Appellees notified Greer that his loan modification request was incomplete. In this notice, Appellees requested that Greer provide the missing documents within thirty days. Greer's summary-judgment evidence included a letter responding to this notice dated February 1, 2020.

Greer claimed at the hearing on the summary-judgment motion that the requested pages were attached to this letter. However, nothing in the summary judgment record supports his contention. For purposes of summary judgment evidence, "oral testimony cannot be adduced in support of or opposition to a motion for summary judgment." *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). Instead, courts may only consider written evidence,

such as pleadings, transcripts, and affidavits. *See* Tex. R. Civ. P. 166a(c). The exhibit admitted as part of the summary-judgment record does not show any of the alleged "17 pages" that he claims to have sent to supplement his incomplete loan modification. Instead, the one-page exhibit consists only of his letter bearing a notation at the bottom that "17 pages" of documents were attached.

While Greer argued at the hearing that he submitted all the required documents, thereby raising a fact issue, neither his documents nor his own affidavit supports his contention. The affidavit only states that "he submitted all paperwork to [Appellees]" and that "the last communication [Greer] received from [Appellees] was on February 28 . . . when they informed [Greer] that they did not have all of the paperwork." The affidavit does not dispute the accuracy of the January 28 notice that his modification application was incomplete, nor does his affidavit state that his February 1 supplement contained all the required documents. An affidavit is only sufficient summary-judgment evidence when it gives a detailed account of the facts or "it provides supporting documents" that support the statements made. *Rogers v. RREF II CB Acquisitions, LLC*, 533 S.W.3d 419, 436 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (quoting *Brown v. Mesa Distribs., Inc.*, 414 S.W.3d 279, 287 (Tex. App.—Houston [1st Dist.] 2013, no pet.)).

Because he has failed to demonstrate that he properly completed the modification application, Greer cannot show that Appellees knowingly or recklessly misrepresented an intention to review his modification application. Nor can he show that he justifiably relied on any such representation. We conclude that the trial court properly granted summary judgment on Greer's fraud claim.

### 3.    *Conversion*

Finally, Greer claims that he raised more than a scintilla of evidence concerning his conversion claim because he presented summary-judgment evidence that Appellees unlawfully exercised dominion and control of his property. Conversion is a tort claim that requires:

> (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property.

*Scott Pelley P.C. v. Wynne*, No. 05-15-01560-CV, 2017 WL 3699823, at *11 (Tex. App.—Dallas Aug. 28, 2017, pet. denied) (mem. op.). Appellees assert that Greer specifically failed to produce evidence for each of the four elements of a conversion claim.

Greer argues that his summary-judgment evidence raises more than a scintilla of evidence on the elements of his conversion claim because the foreclosure sale was illegal due to Appellees' failure to provide proper notice. We

15

have already concluded that Appellees did not fail to provide proper notice under the Deed of Trust and applicable law. As discussed above, Appellees provided Greer with proper notice of default, acceleration, and foreclosure sale under the terms of the Deed of Trust and the relevant statutes. *See* TEX. PROP. CODE § 51.002(d), (e). Thus, Appellees' actions in selling the Property at the foreclosure sale were not illegal. Greer has failed to produce a scintilla of evidence that he was entitled to possession of the Property or that Appellees unlawfully exercised control over the Property.

We conclude that the trial court properly granted summary judgment on this claim.

We overrule Greer's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Richard Hightower
Justice

Panel consists of Chief Justice Radack and Justices Landau and Hightower.